UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| Personal Audio, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Apple, Inc.,<br><br>Sirius XM Radio, Inc.,<br><br>Coby Electronics, Corp.,<br><br>Archos, Inc.,<br><br>　　　　Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Personal Audio, LLC ("Personal Audio") states and alleges as follows:

### PARTIES

1. Personal Audio is a Texas limited liability company.

2. Defendant Apple, Inc. ("Apple") is a California corporation, with its principal place of business at 1 Infinite Loop, Cupertino, California, 95014, and doing business throughout this judicial district and throughout the United States.

3. Defendant Sirius XM Radio, Inc. ("Sirius") is a Delaware Corporation with its principal place of business at 1221 Avenue of the Americas, 36th Floor, New York, New York 10020, and doing business throughout this judicial district and throughout the United States.

#702081

4. Defendant Coby Electronics Corp. ("Coby") is a New York corporation with its principal place of business at 1991 Marcus Ave., Lake Success, NY 11042, and doing business throughout this judicial district and throughout the United States.

5. Defendant Archos, Inc. ("Archos") is a California corporation with its principal place of business at 7951 E. Maplewood Ave Suite 260, Greenwood Village, Colorado 80111, and doing business throughout this judicial district and throughout the United States.

## JURISDICTION

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the federal patent statutes, 35 U.S.C. §§ 271 and 281-285.

7. This Court has personal jurisdiction over Apple because it has committed acts giving rise to this action within Texas and within this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice. For example, Apple has committed acts of infringement in this District, by among others things, offering to sell and selling products that infringe the asserted patents, including portable music players. Apple is authorized to do business in Texas and maintains an agent for service of process, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas, 75201.

8. This Court has personal jurisdiction over Sirius because it has committed acts giving rise to this action within Texas and within this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over Sirius would not offend traditional notions of fair play and substantial justice. For example, Sirius has committed

acts of infringement in this District, by among others things, offering to sell and selling products that infringe the asserted patents, including portable music players.

9.  This Court has personal jurisdiction over Coby because it has committed acts giving rise to this action within Texas and within this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over Coby would not offend traditional notions of fair play and substantial justice. For example, Coby has committed acts of infringement in this District, by among others things, offering to sell and selling products that infringe the asserted patents, including portable music players.

10. This Court has personal jurisdiction over Archos because it has committed acts giving rise to this action within Texas and within this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over Archos would not offend traditional notions of fair play and substantial justice. For example, Archos has committed acts of infringement in this District, by among others things, offering to sell and selling products that infringe the asserted patents, including portable music players.

## VENUE

11. Venue in the Eastern District of Texas is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) because Apple, Sirius, Coby, and Archos (collectively, the "Defendants") have committed acts within this judicial district giving rise to this action, and Defendants have and continue to conduct business in this judicial district, including one or more acts of selling, using, importing and/or offering for sale infringing products or providing service and support to Defendants' customers in this District.

12. Venue in the Eastern District of Texas is also proper because Personal Audio is organized and governed by the LLC laws of Texas and subject to taxes in Texas. Personal Audio

maintains a registered agent for service of process in Texas. Personal Audio maintains office space in Beaumont, Texas, within this District, at 550 Fannin Street, Suite 500, where Personal Audio maintains originals and copies of its documents.

13.     Venue in the Eastern District of Texas is also proper because this District is centrally located to resolve common issues of fact among Personal Audio and the Defendants.

## BACKGROUND

**Personal Audio**

14.     James D. Logan ("Logan") founded Personal Audio.

15.     Logan, Charlie G. Call, and Daniel F. Goessling are co-inventors of the following United States Patents: United States Patent 6,199,076 entitled "Audio Program Player Including a Dynamic Program Selection Controller" ("the '076 patent") (attached as Exhibit A) and United States Patent 7,509,178 entitled "Audio Program Distribution and Playback System" ("the '178 patent") (attached as Exhibit B) (collectively "the Asserted Patents"). The United States Patent Office duly issued the '076 patent on March 6, 2001, and the '178 patent on March 24, 2009.

16.     Personal Audio owns the Asserted Patents. Personal Audio maintains all rights to enforce the Asserted Patents.

## COUNT I
### APPLE'S PATENT INFRINGEMENT (THE '076 PATENT)

17.     Personal Audio restates and realleges each of the allegations set forth above and incorporates them herein.

18.     Apple has and/or continues to make, use, sell, and offer to sell the iPod classic, iPod mini, iPod shuffle, iPod nano, iPod Touch, and iPhone ("the iPod Family"). Apple has

and/or continues to make, use, sell, and offer to sell Apple computers preloaded with iTunes software.

19. Apple has infringed and continues to infringe the '076 patent by making, using, selling, and/or offering to sell within the United States products that embody one or more of the claims of the '076 patent, or by contributing to the infringement of the '076 patent, inducing others to infringe the '076 patent, or carrying out other acts constituting infringement under 35 U.S.C. § 271(f). Such infringing conduct includes, but is not limited to, making, using, operating, selling, or offering to sell the iPod Family and Apple computers preloaded with iTunes software.

20. Apple does not have a license or permission to use the claimed subject matter in the '076 patent.

21. As a direct and proximate result of Apple's infringement of the '076 patent, Personal Audio has been injured and has been caused significant financial damage.

22. Apple will continue to infringe the '076 patent, and thus cause irreparable injury and damage to Personal Audio, unless enjoined by this court.

## COUNT II
### APPLE'S PATENT INFRINGEMENT (THE '178 PATENT)

23. Personal Audio restates and realleges each of the allegations set forth above and incorporates them herein.

24. Apple has infringed and continues to infringe the '178 patent by making, using, selling, and/or offering to sell within the United States products that embody one or more of the claims of the '178 patent, or by contributing to the infringement of the '178 patent, inducing others to infringe the '178 patent, or carrying out other acts constituting infringement under 35 U.S.C. § 271(f). Such infringing conduct includes, but is not limited to, making, using, operating, selling, or offering to sell the iPod Family and Apple computers preloaded with iTunes software.

25. Apple does not have a license or permission to use the claimed subject matter in the '178 patent.

26. As a direct and proximate result of Apple's infringement of the '178 patent, Personal Audio has been injured and has been caused significant financial damage.

27. Apple will continue to infringe the '178 patent, and thus cause irreparable injury and damage to Personal Audio, unless enjoined by this court.

## COUNT III

### SIRIUS' PATENT INFRINGEMENT (THE '076 PATENT)

28. Personal Audio restates and realleges each of the allegations set forth above and incorporates them herein.

29. Sirius has infringed and continues to infringe the '076 patent by making, using, selling, and/or offering to sell within the United States products that embody one or more of the claims of the '076 patent, or by contributing to the infringement of the '076 patent, inducing others to infringe the '076 patent, or carrying out other acts constituting infringement under 35 U.S.C. § 271(f). Such infringing conduct includes, but is not limited to, making, using, operating, selling, or offering to sell the Sirius Stiletto 2 MP3 Player.

30. Sirius does not have a license or permission to use the claimed subject matter in the '076 patent.

31. As a direct and proximate result of Sirius's infringement of the '076 patent, Personal Audio has been injured and has been caused significant financial damage.

32. Sirius will continue to infringe the '076 patent, and thus cause irreparable injury and damage to Personal Audio, unless enjoined by this court.

#702081

## COUNT IV

### SIRIUS' PATENT INFRINGEMENT (THE '178 PATENT)

33. Personal Audio restates and realleges each of the allegations set forth above and incorporates them herein.

34. Sirius has infringed and continues to infringe the '178 patent by making, using, selling, and/or offering to sell within the United States products that embody one or more of the claims of the '178 patent, or by contributing to the infringement of the '178 patent, inducing others to infringe the '178 patent, or carrying out other acts constituting infringement under 35 U.S.C. § 271(f). Such infringing conduct includes, but is not limited to, making, using, operating, selling, or offering to sell the Sirius Stiletto 2 MP3 Player.

35. Sirius does not have a license or permission to use the claimed subject matter in the '178 patent.

36. As a direct and proximate result of Sirius's infringement of the '178 patent, Personal Audio has been injured and has been caused significant financial damage.

37. Sirius will continue to infringe the '178 patent, and thus cause irreparable injury and damage to Personal Audio, unless enjoined by this court.

## COUNT V

### COBY'S PATENT INFRINGEMENT (THE '076 PATENT)

38. Personal Audio restates and realleges each of the allegations set forth above and incorporates them herein.

39. Coby has infringed and continues to infringe the '076 patent by making, using, selling, and/or offering to sell within the United States products that embody one or more of the claims of the '076 patent, or by contributing to the infringement of the '076 patent, inducing

others to infringe the '076 patent, or carrying out other acts constituting infringement under 35 U.S.C. § 271(f). Such infringing conduct includes, but is not limited to, making, using, operating, selling, or offering to sell Coby's MP705 MP3 player.

40. Coby does not have a license or permission to use the claimed subject matter in the '076 patent.

41. As a direct and proximate result of Coby's infringement of the '076 patent, Personal Audio has been injured and has been caused significant financial damage.

42. Coby will continue to infringe the '076 patent, and thus cause irreparable injury and damage to Personal Audio, unless enjoined by this court.

## COUNT VI

### COBY'S PATENT INFRINGEMENT (THE '178 PATENT)

43. Personal Audio restates and realleges each of the allegations set forth above and incorporates them herein.

44. Coby has infringed and continues to infringe the '178 patent by making, using, selling, and/or offering to sell within the United States products that embody one or more of the claims of the '178 patent, or by contributing to the infringement of the '178 patent, inducing others to infringe the '178 patent, or carrying out other acts constituting infringement under 35 U.S.C. § 271(f). Such infringing conduct includes, but is not limited to, making, using, operating, selling, or offering to sell Coby's MP705 MP3 player.

45. Coby does not have a license or permission to use the claimed subject matter in the '178 patent.

46. As a direct and proximate result of Sirius's infringement of the '178 patent, Personal Audio has been injured and has been caused significant financial damage.

47. Coby will continue to infringe the '178 patent, and thus cause irreparable injury and damage to Personal Audio, unless enjoined by this court.

## COUNT VII

### ARCHOS' PATENT INFRINGEMENT (THE '076 PATENT)

48. Personal Audio restates and realleges each of the allegations set forth above and incorporates them herein.

49. Archos has infringed and continues to infringe the '076 patent by making, using, selling, and/or offering to sell within the United States products that embody one or more of the claims of the '076 patent, or by contributing to the infringement of the '076 patent, inducing others to infringe the '076 patent, or carrying out other acts constituting infringement under 35 U.S.C. § 271(f). Such infringing conduct includes, but is not limited to, making, using, operating, selling, or offering to sell Archos 105 MP3 player.

50. Archos does not have a license or permission to use the claimed subject matter in the '076 patent.

51. As a direct and proximate result of Archos's infringement of the '076 patent, Personal Audio has been injured and has been caused significant financial damage.

52. Archos will continue to infringe the '076 patent, and thus cause irreparable injury and damage to Personal Audio, unless enjoined by this court.

## COUNT VIII

### ARCHOS' PATENT INFRINGEMENT (THE '178 PATENT)

53. Personal Audio restates and realleges each of the allegations set forth above and incorporates them herein.

54. Archos has infringed and continues to infringe the '178 patent by making, using, selling, and/or offering to sell within the United States products that embody one or more of the claims of the '178 patent, or by contributing to the infringement of the '178 patent, inducing others to infringe the '178 patent, or carrying out other acts constituting infringement under 35 U.S.C. § 271(f). Such infringing conduct includes, but is not limited to, making, using, operating, selling, or offering to sell Archos 105 MP3 player.

55. Archos does not have a license or permission to use the claimed subject matter in the '178 patent.

56. As a direct and proximate result of Sirius's infringement of the '178 patent, Personal Audio has been injured and has been caused significant financial damage.

57. Archos will continue to infringe the '178 patent, and thus cause irreparable injury and damage to Personal Audio, unless enjoined by this court.

### PRAYER FOR RELIEF

**WHEREFORE**, Personal Audio prays for the following relief:

1. A declaration that the Defendants have infringed the Asserted Patents, and are liable to Personal Audio for infringement.

2. An award of damages adequate to compensate Personal Audio for Defendants' infringement of the Asserted Patents.

3. A post-judgment equitable accounting of damages for the period of infringement of the Asserted Patents following the period of damages established by Personal Audio at trial.

4. An order enjoining the Defendants from infringing, inducing others to infringe, or contributing to the infringement of the Asserted Patents.

#702081

5. If a permanent injunction is not granted, a judicial determination of the conditions for future infringement such as a royalty bearing compulsory license or such other relief as the Court deems appropriate.

6. An order requiring the Defendants to deliver for destruction all infringing products in its possession.

7. A finding that this case is exceptional pursuant to 35 U.S.C. § 285.

8. An award of prejudgment interest, costs and disbursements, and attorney fees.

9. Such other and further relief as the Court deems Personal Audio may be entitled to in law and equity.

## JURY DEMAND

A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 25, 2009

By: /s/ Lawrence L. Germer
Lawrence Louis Germer    (TX Bar # 07824000)
Charles W. Goehringer, Jr. (TX Bar # 00793817)

**GERMER GERTZ, L.L.P.**
550 Fannin, Suite 400
P.O. Box 4915
Beaumont, Texas 77701
Telephone: (409) 654-6700
Telecopier: (409) 835-2115
E-Mail:    llgermer@germer.com
           cwgoehringer@germer.com

Of Counsel:

Ronald J. Schutz    (MN Bar No. 130849)
Jake M. Holdreith   (MN Bar No. 211011)
Kimberly G Miller   (MN Bar No. 032209X)
Patrick M. Arenz    (MN Bar No. 0386537)

#702081

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
E-mail:     RJSchutz@rkmc.com
            JMHoldreith@rkmc.com
            KGMiller@rkmc.om
            PMArenz@rkmc.com

**Attorneys for Plaintiff**
**Personal Audio, LLC**

#702081