**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

PERSONAL AUDIO, LLC,

        Plaintiff,

      v.

APPLE INC.,
SIRIUS XM RADIO, INC.,
COBY ELECTRONICS, CORP.,
ARCHOS, INC.,

        Defendants.

CASE NO.  9:09-CV-00111-RC

<u>JURY TRIAL DEMANDED</u>

**APPLE INC.'S ANSWERS, AFFIRMATIVE DEFENSES AND**
**COUNTERCLAIMS TO PERSONAL AUDIO, LLC'S FIRST**
<u>**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**</u>

Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, submits its

Answers, Affirmative Defenses, and Counterclaims to Personal Audio, LLC's ("Personal

Audio") First Amended Complaint for Patent Infringement (the "First Amended Complaint"),

and states as follows:

<u>**PARTIES**</u>

1.      Apple admits that, on information and belief, Personal Audio is a limited liability

company organized under the laws of the State of Texas.

2.      Apple admits that it is a corporation organized under the laws of the State of

California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014,

and doing business in the sense that it markets and sells its products throughout this judicial

district and throughout the United States.

3.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 3, and, on that basis these allegations are denied.

4.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 4, and, on that basis these allegations are denied.

5.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 5, and, on that basis these allegations are denied.

## **JURISDICTION**

6.      Apple admits that this Court has jurisdiction over actions for patent infringement generally under 28 U.S.C §§ 1331 and 1338(a) and that the complaint in this action alleges patent infringement under 35 U.S.C. § 271.  Apple denies infringement and that this case "arises" under 35 U.S.C. §§ 271 and 281-285.

7.      Apple admits that it is subject to the personal jurisdiction of this Court for this lawsuit based on the allegations made by Personal Audio.  Apple further admits it is authorized to do business in Texas and maintains an agent for service of process, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas, 75201.  Apple denies the remaining allegations of Paragraph 7.

8.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 8, and, on that basis these allegations are denied.

9.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 9, and, on that basis these allegations are denied.

10.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 10, and, on that basis these allegations are denied.

## VENUE

11.     Apple admits it has transacted and does transact business in the Eastern District of

Texas, and that under 28 U.S.C. §§ 1391(b), (c) and 1400(b) this case can be brought in this

district.  Apple denies that venue is convenient for this case.  Apple denies it has "committed acts

within this jurisdiction giving rise to this action," and denies that its products and services

infringe the asserted patents.  Apple specifically denies any wrongdoing and denies that the

claims against Apple have any merit.  Apple does not have sufficient knowledge or information

as to the truth of the remaining allegations set forth in Paragraph 11, and, on that basis these

allegations are denied.

12.     Apple does not have sufficient knowledge or information as to the truth of the

allegations set forth in Paragraph 12, and, on that basis these allegations are denied.

13.     Denied.

## BACKGROUND

14.     Apple does not have sufficient knowledge or information as to the truth of the

allegations set forth in Paragraph 14, and, on that basis these allegations are denied.

15.     Apple admits that United States Patent 6,199,076 on its face recites an issue date

of March 6, 2001 and bears the title "Audio Program Player Including a Dynamic Program

Selection Controller."  Apple further admits that United States Patent 7,509,178 on its face

recites an issue date of March 24, 2009 and bears the title "Audio Program Distribution and

Playback System."  Apple further admits that on their faces the '076 and '178 Patents list James

Logan ("Logan"), Charlie G. Call ("Call") and Daniel F. Goessling ("Goessling") as co-

inventors.  Apple denies that the '076 and '178 Patents were "duly issued."  Apple does not have

sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 15, and, on that basis these allegations are denied.

16.     Apple admits that the Asserted Patents appear to share a common specification, which appears to have been filed October 2, 1996.

17.     Apple admits that, on information and belief, the quoted language from Paragraph 17 appears in the specification of the Asserted Patents.

18.     Apple admits that, on information and belief, the quoted language from Paragraph 18 appears in the specification of the Asserted Patents.

19.     Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 19, and, on that basis these allegations are denied.

## COUNT I

### APPLE'S WILLFUL PATENT INFRINGEMENT (THE '076 PATENT)

20.     Apple's responses to Personal Audio's allegations set forth above are incorporated herein.

21.     Apple admits that it has and/or continues to make, use, sell and offer to sell products under the brand names iPod classic, iPod mini, iPod shuffle, iPod nano, iPod Touch, and iPhone.  Apple denies that it is appropriate to refer to all of these products as "the iPod Family."  The specifics of media players sold under these brand names have varied from time to time.  Apple further admits that it has and/or continues to make, use, sell, and offer to sell Apple computers preloaded with iTunes software.

22.     Denied.  Apple has been an innovator in audio and media player technology since long before the asserted priority date of the patents in suit.  Apple's longstanding expertise in digital media playback eventually led to the development of media players marketed under the iPod brand beginning in October 2001.

23.     Apple admits that Steven Jobs is the CEO of Apple and that Apple has marketed various successful products under the iPod brand.  Apple denies the remaining allegations in Paragraph 23.

24.     Apple admits that since 2002 it has sold a variety of products under the brand names iPod classic, iPod mini, iPod shuffle, iPod nano, iPod Touch, and iPhone.  Apple denies that it is appropriate to refer to all of these products as "the iPod Family."  Apple admits that since 2002, Apple's cumulative worldwide gross revenues from the variety of products Apple has sold under the brand names iPod classic, iPod mini, iPod shuffle, iPod nano, iPod Touch, and iPhone exceed five billion U.S. Dollars.

25.     Denied.  The patents in suit describe laptop computers as mobile players.

26.     Denied.

27.     Apple does not have or need a license or permission to use the claimed subject matter in the '076 Patent because Apple does not infringe any claim or claims of the '076 Patent, all the claims of the '076 Patent are invalid and the '076 Patent is unenforceable.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

## COUNT II

### APPLE'S WILLFUL PATENT INFRINGEMENT (THE '178 PATENT)

36.     Apple's responses to Personal Audio's allegations set forth above are incorporated herein.

37.     Denied.

38.     Apple does not have or need a license or permission to use the claimed subject matter in the '178 Patent because Apple does not infringe any claim or claims of the '178 Patent, all the claims of the '178 Patent are invalid and the '178 Patent is unenforceable.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

## COUNT III

### SIRIUS' PATENT INFRINGEMENT (THE '076 PATENT)

44.     To the extent the allegations set forth above relate to Apple, Apple incorporates its responses to such allegations herein.

45.     Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 45, and, on that basis these allegations are denied.

46.     Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 46, and, on that basis these allegations are denied.

47.     Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 47, and, on that basis these allegations are denied.

48.    Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 48, and, on that basis these allegations are denied.

## COUNT IV

### SIRIUS' PATENT INFRINGEMENT (THE '178 PATENT)

49.    To the extent the allegations set forth above relate to Apple, Apple incorporates its responses to such allegations herein.

50.    Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 50, and, on that basis these allegations are denied.

51.    Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 51, and, on that basis these allegations are denied.

52.    Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 52, and, on that basis these allegations are denied.

53.    Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 53, and, on that basis these allegations are denied.

## COUNT V

### COBY'S PATENT INFRINGEMENT (THE '076 PATENT)

54.    To the extent the allegations set forth above relate to Apple, Apple incorporates its responses to such allegations herein.

55.    Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 55, and, on that basis these allegations are denied.

56.    Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 56, and, on that basis these allegations are denied.

57.    Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 57, and, on that basis these allegations are denied.

58.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 58, and, on that basis these allegations are denied.

## COUNT VI

### COBY'S PATENT INFRINGEMENT (THE '178 PATENT)

59.      To the extent the allegations set forth above relate to Apple, Apple incorporates its responses to such allegations herein.

60.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 60, and, on that basis these allegations are denied.

61.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 61, and, on that basis these allegations are denied.

62.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 62, and, on that basis these allegations are denied.

63.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 63, and, on that basis these allegations are denied.

## COUNT VII

### ARCHOS' PATENT INFRINGEMENT (THE '076 PATENT)

64.      To the extent the allegations set forth above relate to Apple, Apple incorporates its responses to such allegations herein.

65.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 65, and, on that basis these allegations are denied.

66.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 66, and, on that basis these allegations are denied.

67.      Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 67, and, on that basis these allegations are denied.

68.     Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 68, and, on that basis these allegations are denied.

## COUNT VIII

## ARCHOS' PATENT INFRINGEMENT (THE '178 PATENT)

69.     To the extent the allegations set forth above relate to Apple, Apple incorporates its responses to such allegations herein.

70.     Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 70, and, on that basis these allegations are denied.

71.     Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 71, and, on that basis these allegations are denied.

72.     Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 72, and, on that basis these allegations are denied.

73.     Apple does not have sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 73, and, on that basis these allegations are denied.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Apple denies that Personal Audio is entitled to any of the relief sought in its prayer for relief against Apple, its agents, employees, representatives, successors and assigns, and those acting in privity or concert with Apple.  Apple has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents, infringed willfully, or otherwise, any claim or claims of the '076 Patent.  Apple has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents, infringed willfully, or otherwise, any claim or claims of the '178 Patent.  Personal Audio is not entitled to recover damages, injunctive relief, costs, fees, interest, or any other type of recovery from Apple.  Personal Audio's prayer should, therefore, be denied in its entirety and with prejudice, and Personal

Audio should take nothing.  Apple asks that judgment be entered for Apple and that this action be found to be an exceptional case entitling Apple to be awarded attorneys' fees in defending against Personal Audio's First Amended Complaint, together with such other and further relief the Court deems appropriate.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

To the extent a response is required, Apple admits that Personal Audio's First Amended Complaint contains a request for a jury trial.

## APPLE'S AFFIRMATIVE DEFENSES

Without assuming any burden other than that imposed by operation of law, Apple asserts the following affirmative defenses to Personal Audio's claims against Apple:

### First Defense - Failure To State A Claim

74.     Personal Audio's First Amended Complaint fails to state a claim upon which relief can be granted.  Apple has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to Personal Audio.

### Second Defense – Noninfringement

75.     Apple does not infringe any valid and enforceable claim or claims of the Asserted Patents in any manner under 35 U.S.C. § 271(a),(b),(c), and/or (f), willfully or otherwise.

### Third Defense – Invalidity

76.     Personal Audio's purported claims for infringement of the Asserted Patents are barred because each and every claim of the Asserted Patents is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112.

**Fourth Defense – Prosecution Laches**

77.     Personal Audio's purported claims for infringement of the Asserted Patents are barred because the Asserted patents are unenforceable due to prosecution laches.

**Fifth Defense – Laches**

78.     Personal Audio's claims for relief are barred in whole or in part by the equitable doctrine of laches.

**Sixth Defense Estoppel**

79.     The Asserted Patents are limited and/or unenforceable by reason of estoppel, including without limitation equitable estoppel and prosecution history estoppel.

**Seventh Defense – Marking**

80.     Personal Audio is barred in whole or in part from recovering damages under 35 U.S.C. § 287.

**Eighth Defense – Unclean Hands**

81.     Personal Audio's equitable claims for relief are barred in whole or in part by the doctrine of unclean hands.

**Ninth Defense - Inequitable Conduct**

82.     The '178 Patent is unenforceable due to inequitable conduct as set forth in Apple's Counterclaim of Unenforceability.  Apple incorporates by reference the allegations set forth in Paragraphs 107-133 as if fully set forth herein.  Moreover, as the Asserted Patents are in the same patent family, inequitable conduct in one patent renders all the Asserted Patents unenforceable.

**Tenth Defense – Section 286**

83.     Personal Audio's claims for relief and prayer for damages are limited by 35 U.S.C. § 286.

## Reservation of All Affirmative Defenses

84.     Apple reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States and/or at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

## <u>COUNTERCLAIMS</u>

Apple Inc. ("Apple") alleges the below counterclaims in accordance with Federal Rules of Civil Procedure 13 and 20 against plaintiff Personal Audio, LLC ("Personal Audio"):

## Jurisdiction and Venue

85.     Apple is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

86.     On information and belief, Personal Audio is a limited liability company organized under the laws of the State of Texas with its principal place of business in Beaumont, Texas.

87.     These Counterclaims arise under the United States patent laws, 35 U.S.C. § 101 *et seq.*  These counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

88.     Venue in this District is appropriate over these counterclaims because Personal Audio has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted.

## Facts Concerning the '076 Patent

89.     Personal Audio claims to be the owner of United States Patent No. 6,199,076 (the "'076 Patent"), which, on its face, is entitled "Audio Program Player Including a Dynamic Program Selection Controller."  On its face, the '076 Patent states that it was issued on March 6, 2001.  The '076 Patent identifies the alleged inventors as James D. Logan, Charles G. Call and

Daniel F. Goessling.  A copy of the '076 Patent is attached as Exhibit A to Personal Audio's First Amended Complaint.

## Facts Concerning the '178 Patent

90.     Personal Audio claims to be the owner of United States Patent No. 7,509,178 (the "'178 Patent"), which, on its face, is entitled "Audio Program Distribution and Playback System."  On its face, the '178 Patent states that it was issued on March 24, 2009.  The '178 Patent identifies the alleged inventors as James D. Logan, Charles G. Call and Daniel F. Goessling.  A copy of the '178 Patent is attached as Exhibit B to Personal Audio's First Amended Complaint.

## Count One - United States Patent No. 6,199,076
## Declaration of Noninfringement

91.     Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-90 above as if fully set forth herein.

92.     An actual and justiciable controversy exists between Apple and Personal Audio with respect to the '076 Patent because Personal Audio brought this action against Apple and others alleging that Apple infringes the '076 Patent, which allegation Apple denies.  Absent a declaration of noninfringement, Personal Audio will continue to wrongfully assert the '076 Patent against Apple, and thereby cause Apple irreparable injury and damage.

93.     Apple has not infringed any valid and enforceable claim or claims of the '076 Patent in any manner, willfully or otherwise, and is entitled to a declaration to that effect.

94.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## Count Two - United States Patent No. 7,509,178

### Declaration of Noninfringement

95.     Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-94 above as if fully set forth herein.

96.     An actual and justiciable controversy exists between Apple and Personal Audio with respect to the '178 Patent because Personal Audio brought this action against Apple and others alleging that Apple infringes the '178 Patent, which allegation Apple denies.  Absent a declaration of noninfringement, Personal Audio will continue to wrongfully assert the '178 Patent against Apple, and thereby cause Apple irreparable injury and damage.

97.     Apple has not infringed any valid and enforceable claim or claims of the '178 Patent in any manner, willfully or otherwise, and is entitled to a declaration to that effect.

98.     This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## Count Three - United States Patent No. 6,199,076

### Declaration of Invalidity

99.     Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-98 above as if fully set forth herein.

100.     An actual and justiciable controversy exists between Apple and Personal Audio with respect to the validity of the claims of the '076 Patent because Personal Audio brought this action against Apple and others alleging that Apple infringes the '076 Patent, which allegation Apple denies.  Absent a declaration of invalidity, Personal Audio will continue to wrongfully assert the '076 Patent against Apple, and thereby cause Apple irreparable injury and damage.

101.    Each and every claim of the '076 Patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112, and Apple is entitled to a declaration to that effect.

102.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## Count Four - United States Patent No. 7,509,178

### Declaration of Invalidity

103.    Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-102 above as if fully set forth herein.

104.    An actual and justiciable controversy exists between Apple and Personal Audio with respect to the validity of the claims of the '178 Patent because Personal Audio brought this action against Apple and others alleging that Apple infringes the '178 Patent, which allegation Apple denies.  Absent a declaration of invalidity, Personal Audio will continue to wrongfully assert the claims of the '178 Patent against Apple, and thereby cause Apple irreparable injury and damage.

105.    Each and every claim of the '178 Patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112, and Apple is entitled to a declaration to that effect.

106.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## Count Five - United States Patent No. 7,509,178

### Declaration of Unenforceability

107.    Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-106 above as if fully set forth herein.

108.    An actual and justiciable controversy exists between Apple and Personal Audio with respect to the enforceability of the '178 Patent because Personal Audio has brought this action against Apple alleging Apple infringes the '178 Patent and alleging the '178 Patent is valid and enforceable, which allegations Apple denies.  Absent a declaration of unenforceability, Personal Audio will continue to wrongfully assert the '178 Patent against Apple, and thereby cause Apple irreparable injury and damage

109.    The '178 Patent is unenforceable due to inequitable conduct.  On information and belief and based on Apple's understanding of the allegations by Personal Audio, Call, Logan, and one or more other people substantively involved in the prosecution of the application leading to the '178 Patent were aware of information material to the patentability of the claims of the '178 Patent, but withheld that information from the PTO with the intent to deceive.

110.    On or about January 28, 2009, the PTO issued a Notice of Allowance for the application that led to the '178 Patent.

111.    On or about January 30, 2009, Call submitted an Information Disclosure Statement  pursuant to C.F.R. § 1.56 and 1.97-98 to the PTO for the application that led to the '178 Patent.  The Information Disclosure Statement listed among other documents the following two non patent literature documents: (1) The DAD486X Digital Audio Delivery System, Operation Manual Version 6.0A, June 30, 1995, Enco Systems, Inc. Farmington Hills, MI ("DAD reference"); and (2) Yavelow, C, MacWorld Music and Sound Bible, 1992, IDC Books, San Mateo, CA ("Yavelow reference").

112.    On information and belief, Logan was aware of the Information Disclosure Statement filed by Call on or about January 30, 2009 for the application that led to the '178 Patent.

113.    On or about February 16, 2009, the examiner of the application that led to the

'178 Patent indicated that the following two non-patent literature documents were not considered

by the PTO during the prosecution of the application that led to the '178 Patent: (1) the DAD

reference; and (2) the Yavelow reference.

114.    In the February 16, 2009 communication from the PTO, the examiner of the

application that led to the '178 Patent indicated the reason the DAD reference and the Yavelow

reference were not considered was because the January 30, 2009 Information Disclosure

Statement submitted by Call did not comply with 37 C.F.R. § 1.98(a)(2), which requires a legible

copy of each cited foreign patent document; each non-patent literature publication or that portion

which it to be listed; and all other information or that portion which caused it to be listed.

115.    The DAD reference is prior art to the '178 Patent.

116.    Claim 1 of the '178 Patent is as follows:

1. An audio program player comprising:

a communications port for establishing a data communications link for
    downloading a plurality of separate digital compressed audio program files
    and a separate sequencing file from one or more server computers,

a digital memory unit coupled to said communications port for persistently storing
    said separate digital compressed audio program files and said separate
    sequencing file, said sequencing file containing data specifying an ordered
    sequence of a collection of said separate digital compressed audio program
    files,

an audio output unit including at least one speaker or headset for reproducing said
    audio program files in audible form perceptible to a listener,

one or more manual controls for accepting commands from said listener, and

a processor for continuously delivering a succession of said audio program files in
    said collection to said audio output unit in said ordered sequence specified by
    said sequencing file in the absence of a program selection command from said
    listener, and for discontinuing the reproduction of the currently playing audio
    program file and instead continuing the reproduction at the beginning of a

listener-selected one of said audio program files in said collection in response
to a program selection command from said listener.

117.    Under MPEP § 2111 the DAD reference discloses an audio program player.

118.    Under MPEP § 2111 the DAD reference discloses a communications port for
establishing a data communications link for downloading a plurality of separate digital
compressed audio program files from one or more server computers.

119.    Under MPEP § 2111 the DAD reference discloses a communications port for
establishing a data communications link for downloading a separate sequencing file from one or
more server computers.

120.    Under MPEP § 2111 the DAD reference discloses a digital memory unit coupled
to a communications port for persistently storing separate digital compressed audio program files
and a separate sequencing file, said sequencing file containing data specifying an ordered
sequence of a collection of said separate digital compressed audio program files.

121.    Under MPEP § 2111 the DAD reference discloses an audio output unit including
at least one speaker or headset for reproducing said audio program files in audible form
perceptible to a listener.

122.    Under MPEP § 2111 the DAD reference discloses one or more manual controls
for accepting commands from a listener.

123.    Under MPEP § 2111 the DAD reference discloses a processor for continuously
delivering a succession of audio program files in a collection to an audio output unit in an
ordered sequence specified by a sequencing file.

124.    Under MPEP § 2111 the DAD reference discloses a processor for continuously
delivering a succession of audio program files in a collection to an audio output unit in said

ordered sequence specified by a sequencing file in the absence of a program selection command from said listener.

125.    Under MPEP § 2111 the DAD reference discloses a processor for discontinuing the reproduction of the currently playing audio program file and instead continuing the reproduction at the beginning of a listener-selected one of the audio program files in a collection in response to a program selection command from a listener.

126.    DAD is material to patentability of the '178 Patent at least because of the disclosures described in paragraphs 117-125 above.

127.    After receiving the communication from the PTO on or about February 16, 2009, Call intentionally failed to take appropriate action to provide the DAD reference to the examiner of the application that led to the '178 Patent.

128.    Call had a duty to correct the issue raised by the examiner with respect to the Information Disclosure Statement filed on or about January 30, 2009 in connection with prosecuting the application that led to the '178 Patent.

129.     Call's failure to correct the issue raised by the examiner with respect to the Information Disclosure Statement filed on or about January 30, 2009 in connection with the prosecution of the application that led to the '178 Patent was with intent to deceive the PTO, which constitutes inequitable conduct.

130.    On information and belief, before the '178 Patent issued, Logan was aware that the DAD reference is material to the patentability of the claims of the '178 Patent.

131.    On information and belief, after learning of the communication from the PTO on or about February 16, 2009, Logan intentionally failed to take appropriate action to provide the DAD reference to the examiner of the application that led to the '178 Patent.

132.    In addition, the '178 Patent is unenforceable due to laches, and other equitable doctrines that the Court may deem appropriate.

133.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## RELIEF

WHEREFORE, Apple seeks the following relief

a.      That each and every claim of the '076 Patent be declared not infringed by Apple;

b.      That each and every claim of the '178 Patent be declared not infringed by Apple;

c.      That each and every claim of the '076 Patent be declared invalid;

d.      That each and every claim of the '178 Patent be declared invalid;

e.      That the '076 Patent be declared unenforceable;

f.      That the '178 Patent be declared unenforceable;

g.      That Personal Audio take nothing by its First Amended Complaint and that Personal Audio's First Amended Complaint be dismissed with prejudice and judgment be entered in favor of Apple and against Personal Audio;

h.      That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Personal Audio's conduct in commencing and pursuing this action be found to render this an exceptional case and that Apple be awarded its attorneys' fees incurred in connection with this action;

i.      That Apple be awarded its cost of suit incurred herein; and

j.      Apple be granted such other and additional relief as this Court deems just and proper.

## JURY DEMAND

Apple hereby demands a trial by jury on all issues properly triable before a jury.

Dated:  November 12, 2009                    Respectfully submitted,

                                            FISH & RICHARDSON P.C.


                                            By:  /s/ Garland T. Stephens
                                                 Garland T. Stephens (24053910)
                                                 David J Healey (09327980)
                                                 John R. Lane (24057958)
                                                 Benjamin C. Elacqua (24055443)
                                                 Fish & Richardson PC
                                                 1221 McKinney Street
                                                 Ste 2800
                                                 Houston, TX 77010
                                                 713/652-0115
                                                 Fax: 713-652-0109
                                                 healey@fr.com
                                                 stephens@fr.com
                                                 jlane@fr.com
                                                 elacqua@fr.com

                                            Counsel for Defendant
                                            APPLE INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 12, 2009 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by first-class mail.


<u>            /s/ Khoa Nguyen            </u>