**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| PERSONAL AUDIO, LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br>SIRIUS XM RADIO, INC.,<br>COBY ELECTRONICS, CORP.,<br>ARCHOS, INC.,<br><br>      Defendants. | CASE NO. 9:09-CV-00111-RC<br><br><u>JURY TRIAL DEMANDED</u> |

**<u>DEFENDANTS' MOTION TO TRANSFER VENUE</u>**

The four defendants in this action, Apple Inc. ("Apple"), Sirius XM Radio, Inc. ("Sirius"), Coby Electronics, Corp. ("Coby") and Archos, Inc. ("Archos") jointly move to transfer this case from the Eastern District of Texas to the District of Massachusetts, Boston Division, pursuant to 28 U.S.C. § 1404(a).

**I.    <u>INTRODUCTION</u>**

This is a case where the locations of third parties, Plaintiff's principals, Plaintiff's predecessor businesses and Defendants point to Boston, Massachusetts rather than this District as the appropriate venue for this action. The principals of Plaintiff (Personal Audio, LLC) previously conducted business in the Boston area under a different corporate name (Personal Audio, Inc.), and refiled as a Texas company just weeks before commencing the instant lawsuit hoping to secure venue in this District. This recent effort by Plaintiff cannot overcome the

multiple factors which demonstrate that the District of Massachusetts, Boston Division, is the proper venue for this action:

- All of the witnesses to the conception, reduction to practice, patenting, commercial exploitation and licensing of the inventions are in the Boston area.

- Many of these witnesses, including named inventor Daniel Goessling, are third parties outside the subpoena power of this Court, but within the subpoena power of the District of Massachusetts.

- Two of the named inventors (Messrs. Logan and Goessling) live in the greater Boston area and the third inventor, Mr. Call, also the prosecuting attorney of the patents in suit, resides part of the time in Massachusetts and works with Mr. Logan in both Massachusetts and Southern New Hampshire on activities related to the patents in suit.

- Prior to commencing this action, Plaintiff's predecessor companies conducted significant business activity in the Boston area.

- Plaintiff's only use for its office is to store documents shipped or sent here for this litigation. In fact, the office location is that of its counsel, Germer Gertz, LLP.

- None of the Defendants has any presence in this District other than sales operations (which they have nationwide) – it is undisputable that their employees, source code and other documents are at their principal places of business and other various locations throughout the United States and abroad – most of which are significantly closer to Massachusetts than this District.

For the reasons discussed more fully below, this is a case that should have been brought in Boston and should now be transferred there.

## II. PERSONAL AUDIO COULD HAVE BROUGHT THIS ACTION IN THE DISTRICT OF MASSACHUSETTS

The threshold determination for a Section 1404(a) transfer analysis is whether the action could have been filed in the judicial district to which transfer is sought. *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003), *cert. denied*, 540 U.S. 1049, 124 S. Ct. 826, 157 L. Ed. 2d 698 (2003). "Any civil action for patent infringement may be brought in the judicial district where the defendant resides. . . ." 28 U.S.C. § 1400(b). There can be no dispute

that this case could have been filed in the District of Massachusetts, Boston Division because for purposes of venue the defendants transact and do business in the District of Massachusetts just as they do in Texas, and that is sufficient to establish venue.  *See* 28 U.S.C. §§ 1391(b) and 1400(b).  Subject matter jurisdiction is also proper because this is a patent infringement action. *See* 28 U.S.C. § 1331.  Accordingly, the threshold question for transfer under Section 1404(a) is met.

## III.   THE PRIVATE AND PUBLIC INTERESTS FACTORS REQUIRE TRANSFER

Once it is determined that a case could have been brought in the transferee forum, the district court must next consider whether the transferee court is "clearly more convenient" than the venue chosen by the plaintiff.  *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009) (*citing In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)).  On a § 1404(a) motion, the Fifth Circuit applies the "public and private" interest factors to determine convenience of the parties and the witnesses.  *Volkswagen*, 545 F.3d at 314 n.9.  The Federal Circuit has most recently explained in *In re Nintendo* that the Fifth Circuit does not give weight to the Plaintiff's choice of venue where it has no relationship to the parties or the case.  *In re Nintendo Co., Ltd.*, --- F.3d ----, 2009 WL 4842589 at * 5 (Fed. Cir. Dec. 17, 2009).  As explained below, all factors point to the District of Massachusetts, Boston Division as the appropriate venue for this action.

### A.   The Private Interest Factors Weigh Heavily In Favor Of Transfer

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of

attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen*, 545 F.3d at 315.[1]

### 1. Relative Ease of Access to Sources of Proof Favors Boston

The substantial non-party evidence relating to the core issues of conception, reduction to practice, prosecution of the patents, assignments and offers to license the patents, and attempts to commercialize on the patents are all located in and around the Boston area.

The chart below identifies third party witnesses, their currently known location, and their relevance (and the relevance of documents likely in their possession) to this case:

| Witness | Address | Relevance to Case |
|---|---|---|
| Daniel Goessling | Wayland, MA | Named inventor on both patents in suit ['076 and '178 patents] |
| Personal Audio, Inc. | Methuen, MA | Former assignee of patents in suit; may have offered products embodying the '076 patent for sale; offers to license the '076 patent [Ex. A (Personal Audio, Inc. documents)][2] |
| Janet Holian | Boston, MA | Former VP-Marketing, Personal Audio, Inc. [Ex. B (Janet Holian documents)] |
| Gotuit Media Inc. and its predecessors and successors, including Gotuit Audio Inc. | Andover, MA Woburn, MA | Interested party concerning the '076 patent; offers to license the '076 patent [Ex. C (Gotuit documents)] |
| Mark Pascarella | Boston, MA | CEO of Gotuit Media; relationship between Gotuit companies and James Logan; offers to license the '076 patent [*Id.*; Ex. D (Mark Pascarella documents)] |
| Emergent Technologies | Portsmouth, NH | Patent licensing company that has offered the '076 patent for license/sale; relationship with |

---

[1] The fact that a movant may have filed prior cases as plaintiff in the District is not to be considered in the § 1404(a) transfer analysis. *Genentech*, 577 F.3d at 1346.

[2] References herein to Exhibits A-N are attached to the Declaration of David J. Healey, filed concurrently herewith.

| Witness | Address | Relevance to Case |
|---|---|---|
| | | Gotuit companies and Personal Audio, LLC [Ex. E (Emergent Technologies documents)] |
| Mark Lowenstein | Barnstable/Yarmouth, MA<br>Brookline, MA | Emergent Technologies, Vice-President [*Id.*; Ex. F (Mark Lowenstein documents)] |
| Richard Goldhor | Belmont, MA | Co-inventor on related patents, including patents relating to Apple's inequitable conduct allegations.  *See* [Apple's First Amended Answer ¶¶ 115-119 (Doc #42)] |

The connections to the Boston area do not end there.  Named inventor James Logan lives just north of Boston in Candia, New Hampshire and has litigated a patent infringement case in the District of Massachusetts before.[3]  In fact, documents from that Massachusetts case further establish the Boston area as the center of gravity for facts relating to the asserted patents.  For example, documents filed in the previous litigation discuss the complicated chain of title between Mr. Logan, his trusts, and Gotuit (one of Mr. Logan's previous companies). These transactions include transfers of stock for Personal Audio's patents and a valuation of Gotuit, which at one point had an interest in Personal Audio's patents and offered them for license and sale.  [Ex. G (Pause v. Tivo documents) p. 29-30, 34, 38, 43-44, 46]; *see* [Ex. C (Gotuit documents) p. 17]  The substantial patent related  activities highlighted by just these few documents suggests that additional relevant Boston area third parties will emerge through discovery.

Similarly, Defendants have little connection to Texas.  None of the Defendants are Texas companies.  They are located all over the country and their documents and witnesses will mainly be where their principal places of business are respectively located (e.g., California, New York

---

[3] The patent previously litigated (the "Pause Patent") appears to be controlled by two other entities associated with Mr. Logan — Emergent Technologies and Gotuit Media – both of which are in the Boston area and have been identified as having relevant information to this case.  *See* chart of third parties above.

and Colorado) and at other locations around the country and abroad, which are generally closer and more convenient to Boston than to this District (as shown below in section 3). [Ex. H (Defendants' Declarations) p. 2, 4-7, 9] No defendants have relevant employees within the Eastern District of Texas. *Id.*

Accordingly, the first private interest factor weighs heavily in favor of transfer.

### 2. The Availability Of Compulsory Process To Secure The Attendance Of Witnesses Strongly Favors Boston

The second private interest factor also weighs heavily in favor of transfer because, unlike Texas, the District of Massachusetts *does* have subpoena power over the majority of non-party witnesses. *Volkswagen*, 545 F.3d at 316-17. Compulsory process to require a non-party witness to appear at trial or to require other sources of proof be brought to trial by a non-party, are compelling facts in the transfer analysis. *Genentech*, 566 F.3d at 1345.

The third-parties identified in the chart above are all located in Massachusetts or southern New Hampshire and are witnesses whom Defendants anticipate having substantial factual information regarding the patents in suit and the history surrounding them. Under Fed. R. of Civ. P. 45, the District of Massachusetts, unlike the Eastern District of Texas, has subpoena power over all of these Massachusetts witnesses as well as witnesses within one-hundred miles of the Boston courthouse, which includes those witnesses in southern New Hampshire. [Ex. I (Third party distance to Boston, MA)]

For example, co-inventor Daniel Goessling will likely be a critical witness since he has first hand knowledge about the claimed inventions. However, while he can be compelled to testify live at trial in Boston, he cannot be so compelled to appear in Texas. The importance of Mr. Goessling as a live trial witness, rather than appearing via videotape, is significant. The jury's function as the finder of fact for legal issues, and the Court's function as finder of fact on

equitable issues, includes the need to make credibility judgments of the witnesses. As the Fifth Circuit Pattern Jury Charge expressly instructs, the jury can decide a case on the testimony and credibility of a single witness even if that witness' testimony is different from other witnesses: "[t]he testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness." (Fifth Circuit Pattern Jury Instruction – CIVIL, 2.18, 2006).[4]

The fact that video depositions can—at times—be substituted for live testimony does not favor a different result. In a highly technical case such as this, it is "important that the jury see and hear the live testimony of material witnesses." *Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp. 2d 607, 610 (E.D. La. 2000). *Laitram* is instructive on this point. In that case, the court found that in a highly technical patent infringement case, where at least five key witnesses resided in Oregon and were not subject to the subpoena power of the Eastern District of Louisiana, the district court in Oregon was a more convenient venue. The court noted that "in an unusually technical case such as this one, it is more than just important that the jury see and hear the live testimony of material witnesses. It is essential to the cause of justice itself." *Id.*

Likewise, transfer will promote judicial efficiency by allowing a single forum to manage both party discovery and non-party discovery. This is especially pertinent here as it is anticipated that discovery from third-parties located within the jurisdiction of the District of Massachusetts will be critical in this action as highlighted in the chart of third parties above. Indeed, it makes no sense to have duplicative discovery proceedings in two different courts (one

---

[4] In analyzing a motion to transfer out of the Beaumont Division, this Court previously found that "when nearly all witnesses live outside of Beaumont, the factor is tipped back toward transfer. . . ." *Tommy Stephens v. Western Pulp Products*, 2005 WL 3359746 at * 3 (E.D. Tex. Dec. 8, 2005).

7

for parties in the venue, and one for third-parties in Boston), where there is otherwise no real reason to be in the plaintiff's chosen forum.

For these reasons, the second private interest factor strongly weighs in favor of transfer.

### 3. The Cost of Attendance for Willing Witnesses Also Favors Boston

As to the third private factor, the Federal Circuit's recent opinion in *In re Nintendo* makes clear that the real burden of travel and disruption of work and family for the people who must come to the trial must be given weight in a transfer analysis. *Nintendo Co.,* 2009 WL 4842589 at * 3. Under the Fifth Circuit's "100 mile" rule, when the distance between an existing venue for trial of a matter and a proposed venue is more than 100 miles (as it is here), the "factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004). [Ex. J (Lufkin, TX to Boston, MA)]  Here, because *none* of the potential witnesses reside within this District, each party, including Personal Audio, would need to bring at least some witnesses to trial in Texas from at least the following places: Massachusetts, New Hampshire, California, New York, Colorado, France and China. [Ex. H (Defendants' declarations) p. 2, 4-7, 9]

Although Defendants' proposed venue still requires people to travel, the burden is significantly lower to travel to a Boston venue than to a Lufkin venue. For example, Boston is much closer to New York, where two of the defendants (Sirius and Coby) have offices. Boston also reduces the travel burden for Personal Audio witnesses, all of whom reside in and around Boston. Similarly, for the party with possible witnesses in France and China (Archos), Boston is a significantly closer and more convenient venue than is Lufkin. Likewise, because the courthouse in Boston is located close to the airport and major hotels, even for those who must travel more air miles (Apple witnesses from California and Archos witnesses from Colorado), the burden of flying non-stop to Boston and staying at a hotel at or near the airport and

courthouse is similar to flying from California or Colorado to Houston and driving to Lufkin. The following chart details the respective mileages between locations of Defendants and Lufkin and Boston, as well as travel time using airline travel first and then driving to the courthouse in either Lufkin or Boston.

| Defendants | Principal Place of Business | Miles to Lufkin, TX | Miles to Boston, MA | Travel Time to Lufkin, TX | Travel Time to Boston, MA |
|---|---|---|---|---|---|
| Sirius/XM Radio, Inc. | New York, NY | 1,529 | 216 | 6 hours, 29 minutes | 1 hour, 18 minutes |
| Coby Electronics Corp. | Lake Success, NY | 1,548 | 211 | 6 hours, 53 minutes | 1 hour, 42 minutes |
| Archos, Inc. | Greenwood Village, CO | 1,063 | 1,984 | 5 hours, 19 minutes | 4 hours, 16 minutes |
| Archos, Inc. | Igny, France | 4,917 | 3,434 | 13 hours, 34 minutes | 8 hours, 2 minutes |
| Archos, Inc. | Shenzhen, China | 8,254 | 7,940 | 20 hours, 44 minutes | 17 hours, 58 minutes |
| Apple Inc. | Cupertino, CA | 1,981 | 3,136 | 6 hours, 22 minutes | 6 hours, 31 minutes |

[Ex. K (Defendants' distance and travel times to Lufkin, TX and Boston, MA)]

Accordingly, the third private interest factor weighs strongly in favor of transfer because the burden on willing party witnesses would be less if the case were transferred to Boston.

### 4.    All Other Practical Problems That Make Trial Of A Case Easy, Expeditious And Inexpensive Are Neutral

Because this case is in its infancy, no practicable problems exist that would deter this Court from transferring to Massachusetts. There is no scheduling order and there has been no discovery. Accordingly, the case can easily and expeditiously be transferred and this factor is neutral.

### B. The Public Interest Factors Are Neutral And Cannot Preclude Transfer

The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen*, 545 F.3d at 315.

#### 1. Administrative Difficulties Flowing From Court Congestion Do Not Preclude Transfer

The parties acknowledge that there is a difference between time to trial in the District of Massachusetts and the Eastern District of Texas. [Ex. L (2008 Annual Report of the Director) p. 189-190]. This difference, however, cannot preclude transfer. As the Federal Circuit recently noted, "when, as here, several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *Genentech*, 566 F.3d at 1347. Moreover, the District of Massachusetts has adopted special patent rules that are very similar to those in this Court and that provide scheduling of litigation events intended to result in prompt trials. Finally, many of the accused products have been on the market for years (e.g., Apple has been offering for sale products accused of infringement since 2001[5]). Thus, Personal Audio's eight-year delay from issuance of the '076 patent (March, 2001) to the filing of the present lawsuit, precludes any argument that a somewhat longer time to trial in Boston is a burden on Personal Audio.

#### 2. Local Interest In Adjudicating Local Disputes Also Is A Neutral Factor

Texas's interest in deciding the present conflict arising under federal patent laws is no greater than that of Massachusetts. *See, e.g., Donna Corbello v. Thomas Gaetano DeVito*, 2008

---

[5] *See* http://www.apple.com/pr/library/2001/oct/23ipod.html

WL 2097435 at *5 (E.D. Tex. 2008) (Clark, J.) (transferring to Nevada, finding that "Texas's interest in adjudicating a conflict arising under federal law is no greater than that of Nevada"). As explained more fully in Section IV *infra*, Plaintiff is likely to argue that as a Texas entity, this factor weighs against transfer to Boston. This argument lacks credibility. Payment of a relatively small filing fee to form Personal Audio as a Texas LLC just weeks before commencing this action does not buy a Texas interest when Personal Audio has no Texas business other than this litigation.

Moreover, although citizens in the Eastern District may have purchased some of the accused products, the accused products are audio players sold in most if not all districts across the United States. See First Amended Complaint ¶¶ 7-10. The Federal Circuit unequivocally rejected the notion that sales in the Eastern District weigh against transfer where, as here, accused products are also sold in many other districts across the country. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) (adopting the holding of *Volkswagen* and finding that the sale of allegedly infringing headrests in the Eastern District did not weigh against transfer). This Court's decisions are in accord. *See Philip Jackson v. Intel Corp.*, 2009 WL 749305 at *3 (E.D. Tex. 2009) (Ward, J.) (transferring to Illinois and finding that the second public factor weighs in favor of transfer even though allegedly infringing products are sold throughout the Eastern District); *Fifth Generation*, 2009 WL 398783 at *5 (transferring to the Southern District of New York and finding that the second public favor weighs in favor of transfer notwithstanding that the accused product is potentially available to customers in every district of the United States).

Accordingly, the second public interest factor is neutral because local interests are the same whether the case is in Texas or Massachusetts.

### 3. Familiarity With Patent Law And Avoiding Potential Conflicts Of Law Is Another Neutral Factor

With respect to the third factor—familiarity of the venue with the law that will govern this case—there can be no dispute that Massachusetts and Texas are equally well-equipped to adjudicate issues of patent law. The local patent rules of both Districts are similar in many respects. [Ex. M (D. Mass Local Patent Rules and comparison with E.D. Texas Local Patent Rules)] And because patent law will apply to the issues in this case, there is no potential for conflict of laws associated with the fourth factor.

## IV. PLAINTIFF'S TEXAS LLC CANNOT BE USED TO ANCHOR VENUE IN THIS CASE

Personal Audio's First Amended Complaint pleads three grounds for venue: (1) that Defendants have conducted business in the district, including "selling, using, importing and/or offering for sale infringing products or providing service and support to Defendants' customers in this District" First Amended Complaint, ¶ 11; (2) that "Personal Audio is organized and governed by the LLC laws of Texas and subject to taxes in Texas. Personal Audio maintains a registered agent for service of process in Texas. Personal Audio maintains office space in Beaumont, Texas . . . where Personal Audio maintains originals and copies of its documents." *Id.* at ¶ 12; and (3) "[v]enue in the Eastern District of Texas is also proper because this District is centrally located to resolve common issues of fact among Personal Audio and the Defendants." *Id.* at ¶ 13. As to the first ground, discussed *supra* at III.B.2, the selling of products within the district is not a basis to hold venue when local sales are part of a national program. *See Nintendo Co.,* 2009 WL 4842589 at * 3. The third ground or "central location" theory has recently been limited by the Federal Circuit and held inapplicable where there is a clearly more convenient forum. *Nintendo Co.,* 2009 WL 4842589 at * 4; *see Genentech*, 566 F.3d at 1344-45.

As to Personal Audio's second ground, the Federal Circuit in *In re Hoffman-LaRoche* recently made clear that a party cannot establish or maintain venue by moving records to the vicinity of that venue.  *In re Hoffman-La Roche Inc.*, --- F.3d ----, 2009 WL 4281965 at * 3 (Fed. Cir. Dec. 2, 2009).  Moreover, Personal Audio's status as a Texas LLC should not be entitled to any deference for the simple reason that Personal Audio was created as a Texas LLC shortly before filing this case, has done no business here other than filing this case, and prior to this filing, Personal Audio LLC's precursors had conducted substantial business activity entirely outside of Texas under different corporate names.[6]  More particularly, Personal Audio, Inc. was incorporated in Delaware and conducted business in Methuen, Massachusetts, just north of Boston.  [Ex. A (Personal Audio, Inc. documents) p. 1, 13, 18].  The business conducted by Personal Audio, Inc. was directly related to the prosecution and commercial exploitation of the patents in suit.  *Id.*

Accordingly, the de minimis and dubious nature of Personal Audio LLC's Texas connections fails to rise anywhere near the level which should afford it any deference from this Court.  Further, since Personal Audio's principals are not in Texas, there are no witnesses here that are inconvenienced by transfer.

## V.     **CONCLUSION**

This is a case concerning patents and technology developed in the Boston area.  All of the witnesses to the conception, reduction to practice, patenting, commercial exploitation and licensing of the inventions are in the Boston area, including many of the relevant third party

---

[6] Personal Audio's additional reliance on the requirement that it maintain a registered agent for service of process in Texas is specious as all LLC's registered to do business in Texas are required to maintain such agents.  In fact, the agent and registered location of Personal Audio, LLC is in Dallas, TX.  [Ex. N (Personal Audio, LLC)]

witnesses.  The pertinent factors weigh strongly in favor of transfer to the District of Massachusetts, Boston Division.

Therefore, the Court should order this case transferred to the District of Massachusetts, Boston Division under 28 U.S.C. § 1404(a).

Respectfully Submitted,

By:/    /s/ David Jakopin
Claudia Wilson Frost
State Bar No. 21671300
909 Fannin, Suite 2000
Houston, Texas 77010
(713) 276-7600
(713) 276-7673 (Facsimile)
Claudia.Frost@pillsburylaw.com


**OF COUNSEL:**
**PILLSBURY WINTHROP SHAW PITTMAN LLP**

David A. Jakopin
Amy P. Mohan
State Bar No. 24051070
909 Fannin, Suite 2000
Houston, Texas 77010
(713) 276-7600
(713) 276-7673 (Facsimile)
Amy.Mohan@pillsburylaw.com

*Attorneys For Defendant Archos, Inc.*

Dated: January 4, 2010

By:/   /s/ Jonathan Caplan
S. Calvin Capshaw
State Bar N. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
The Energy Centre
1127 Judson Road, Suite 220
Longview, Texas 75601-5157
Tel. :903-236-9800
Fax: 903-236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

**OF COUNSEL:**
**KRAMER, LEVIN, NAFTALIS & FRANKEL, LLP**
Jonathan S. Caplan
Mark A. Baghdassarian
Benu Mehra
Marcus A. Colucci
1177 Avenue of the Americas
New York, New York 10036
Tel.: 212- 715-9100
Fax: 212-715-8000

*Attorneys for Defendant*
*Sirius XM Radio Inc.*

By:/   /s/ Rodger Sadler
Clyde Siebman
Texas Bar No. 18341600
SIEBMAN, REYNOLDS, BURG, PHILLIPS & SMITH, LLP
Federal Courthouse Square
300 N. Travis
Sherman, Texas 75090
Telephone: (903) 870-0070
Facsimile: (903) 870-0066
E-mail: clydesiebman@siebman.com

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

Joseph A. Calvaruso *(Pro Hac Vice pending)*
Rodger A. Sadler
Richard Martinelli *(Pro Hac Vice pending)*
666 Fifth Avenue
New York, New York 10103
Tel.: (212) 506-5000
Fax: (212) 506-5151
jcalvaruso@orrick.com
rsadler@orrick.com
rmartinelli@orrick.com

***Attorneys for Defendant COBY Electronics Corp.***

**FISH & RICHARDSON P.C.**

By: /s/ David J. Healey
Garland T. Stephens (24053910)
David J Healey (09327980)
John R. Lane (24057958)
Benjamin C. Elacqua (24055443)
Fish & Richardson PC
1221 McKinney Street
Ste 2800
Houston, TX 77010
713/652-0115
Fax: 713-652-0109
healey@fr.com
stephens@fr.com
jlane@fr.com
elacqua@fr.com

***Attorneys for Defendant Apple Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 4, 2010 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail.

  */s/ Jason Bonilla*
Jason Bonilla