**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| PERSONAL AUDIO, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br>SIRIUS XM RADIO, INC.,<br>COBY ELECTRONICS, CORP.,<br>ARCHOS, INC.,<br><br>      Defendants. | CASE NO.  9:09-CV-00111-RC<br><br><u>JURY TRIAL DEMANDED</u> |

<u>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**</u>

Personal Audio's opposition fails to overcome the compelling reasons why Defendants' Motion to Transfer should be granted: 1) to ensure that the defendants can fairly rebut Mr. Logan's story with <u>live</u> testimony from witnesses, rather than by videotaped depositions (including testimony concerning Mr. Logan's $1.5 million-dollar failed attempt to commercialize the invention and the sale of the alleged invention for less than $50,000); 2) to reduce the travel, cost and inconvenience for parties and third parties involved; and 3) to allow a single court to deal with discovery issues involving both third-party and party witnesses.

In its opposition as well as during the conference before this Court, Personal Audio failed to show any actual nexus between this case and Texas.  Indeed, Personal Audio freely admits that it formed the company solely to bring the instant lawsuit.  The mere formation of a Texas LLC with no employees at all in Texas, no business in Texas apart from this lawsuit, and

documents that were sent to the offices of its local counsel in Texas only for purposes of this lawsuit, cannot support venue as the Federal Circuit has recently explained.[1]

## I.   THIRD PARTY WITNESSES IN THE BOSTON REGION WILL BE NEEDED TO APPEAR LIVE FOR DEFENDANTS TO REBUT PERSONAL AUDIO'S LIVE STORY

Personal Audio's opposition largely ignores the thrust of the Defendants' motion and the supporting exhibits demonstrating that there are key third-party witnesses in Massachusetts who cannot be compelled to attend trial in Texas.  To the extent that Personal Audio's opposition deals with third party witnesses at all, it is conclusory and fails to rebut the undeniable relevance of these witnesses.[2]

Personal Audio concedes that at least one critical witness, named inventor Daniel Goessling, is a third party within the subpoena power of the Massachusetts District Court. Opposition at p. 10.  Even Mr. Logan, Personal Audio's principal (and another named inventor), concedes that Janet Holian is a third party witness with relevant information to the issues of obviousness and damages -- "Personal Audio, Inc. set out to commercialize the technology described in the asserted patents" and "[d]uring the two-year existence of Personal Audio, Inc., Janet Holian served as Vice-President of Marketing for the company."  [Logan Decl. at ¶4.]

Ms. Holian's significance to this case does not end there –  she also signed documents that are directly relevant to the value of the patents in suit and to Personal Audio's failed

---

[1] *See In re Nintendo Co.*, 589 F.3d 1194, 1199-1200 (Fed. Cir. 2009) ("the Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer for the convenience of the parties"); *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009) (sending documents to the Eastern District of Texas by plaintiff just prior to litigation being filed does not support venue).  Further, venue cannot be supported by merely forming a Texas LLC.  *See, e.g., Gemini IP Tech., LLC v. Hewlett-Packard Co.*, 2007 WL 2050983 *2 (W.D. Wis. July 16, 2007) (transferring case even though plaintiff had incorporated in the district because, apart from incorporation, plaintiff had no relevant connection to the forum).
[2] At this stage of the case the Court should not be asked to weigh the testimony of witnesses.  *See In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009).

attempts to commercialize the patents, a fact that Mr. Logan ignores in his Declaration.  These

documents include a Unanimous Written Consent of Personal Audio, Inc., which states:

> The Board of Directors believes that the Corporation is unable to create a viable
> business, has had no success promoting its revised business plan, cannot achieve
> revenue, let alone profit, has spent $1.5 million but is unable to find or continue
> further operations.

 Motion, Ex. A, p.13; *see also* Ex. A p. 12, 15.  Personal Audio's expenditure of $1.5 million

strongly suggests that there are other third party witnesses in Massachusetts.[3]

In fact, the same document actually provides for the sale to Mr. Logan of the applications

that led to the patents in suit, along with a refrigerator, microwave oven, and other assets for just

$50,000.  Motion, Ex. A, p.13, 16.  Mr. Logan will presumably attempt to explain away this

damaging document at trial and portray his failed attempt to commercialize the invention in as

favorable a light as possible.  It is fundamentally unfair for Personal Audio, simply by filing

incorporation papers in Texas shortly before filing suit, to try and prevent Defendants from

developing the relevant facts at trial with live witnesses, such as Ms. Holian.

Mr. Logan also ignores other facts demonstrating the relevance of third parties near

Boston, including his prior description of Massachusetts company Gotuit as the successor

company to Personal Audio, Inc.  Motion, Ex. G, pp. 29-30.  Defendants have submitted

documents and testimony by Mr. Logan explaining that Gotuit offered the '076 patent for license

and that Gotuit exchanged stock with Mr. Logan's trust in connection with the Personal Audio

patents.  Motion, Ex. C, p. 17; Ex. G, p. 44.  It is <u>highly likely</u> that current and/or former Gotuit

personnel would have relevant knowledge about the patents in suit.  Third party witness Mark

---

[3] For example, Exhibit A, p. 16 lists assets such as "all personal computers," "all office
furniture" among other assets.  At a time when Mr. Logan was also working at other businesses,
it is inconceivable that he and Ms. Holian alone were spending $1.5 million dollars on a failed
start-up company.

Pascarella reported to Mr. Logan at Gotuit, has been with Gotuit since its inception (Motion, Ex. C, p. 21, 23; Exhibits D and I), and is a Boston resident.  The CTO of Gotuit Audio, who is mentioned but not named in Mr. Logan's declaration (Logan Decl. ¶ 7), also may have relevant information, and is likely within the subpoena power of the District of Massachusetts.

Mr. Logan's attempt to marginalize the relevance of Emergent Technologies and Mark Lowenstein (both within the subpoena power of the District of Massachusetts) similarly ignores critical facts supporting transfer.  Emergent Technologies is currently offering the '076 patent for license and identifies Mr. Lowenstein as its Vice President.  Motion, Exs. E, F and I.

Mr. Logan also disingenuously claims that the *Pause Technology* litigation "is unrelated to the asserted patents and Personal Audio Inc."  [Logan Decl. at ¶10.]  Mr. Logan tellingly omits from his declaration that the patent at issue in the *Pause Technology* case is a reissue of U.S. Patent No. 5,371,551, which is expressly referenced in the patents in suit as teaching the downloading technology used in the preferred embodiment of the claimed inventions.  *See, e.g.*, U.S. Patent No. 6,199,076, col. 15, line 2.  Moreover, Mr. Logan's testimony in the *Pause Technology v. Tivo* litigation highlights the direct connection between Personal Audio, Gotuit, and the James Logan Trusts, which were all involved with the patents in suit.

Mr. Call's declaration is also highly conclusory and ignores critical facts presented by Defendants.  While Mr. Call may live in Florida, he resides at least part time in Chicago and he is licensed to practice law in Massachusetts.[4]  Mr. Call provides no explanation for the fact that the '178 patent (issued March 2009) lists a West Yarmouth, Massachusetts residence for him.[5]

---

[4] *See* http://massbbo.org/bbolookup.php?sl=call&sf=&sc=&soundex=&hit=1.
[5] Mr. Call's involvement raises the potential for inconsistent rulings in two forums on key issues such as the waiver of attorney client privilege between Mr. Call (inventor and prosecuting attorney) and co-inventors Mr. Logan and Mr. Goessling.  Having a single forum preside over party and non-party discovery will be more efficient for all parties.

## II.    TRANSFER WOULD REDUCE TIME, COST AND INCONVENIENCE

Personal Audio's opposition does not refute the factors demonstrating that Boston is clearly more convenient than Lufkin.  Ms. Case's declaration is speculative and unhelpful.  Many of the expenses that Ms. Case claims are greater in Boston (e.g., hotel rooms, war rooms, local transportation, catering) would not even exist <u>if the trial were in Boston</u>, at least for Plaintiff's counsel and Apple's counsel, both of whom have offices there.  These Boston offices mean elimination of expensive rented war rooms, reduction in trial-dedicated support staff and hotel rooms and travel for such staff, and elimination of hotel catering costs.  Moreover, cars would likely not be needed in Boston to transport attorneys, staff, or witnesses, when the District Court and hotels are two miles from the airport.  There is no question that Boston is more convenient for witnesses coming from major cities around the country and world.

## III.    CONCLUSION

As explained in Defendants' moving papers and above, the substantial non-party evidence relating to the core issues of conception, reduction to practice, prosecution of the patents, assignments, offers to license the patents, and attempts to commercialize on the patents are all located in and around the Boston area.  Neither Personal Audio, nor Defendants have any substantive connection to Texas.  Plaintiff should not be able to put on its case with financially-interested live witnesses and relegate Defendants to videotape to challenge their testimony.  Nor should Plaintiff be able to create venue in a forum clearly less convenient than the forum where many relevant facts occurred, simply by paying the filing fee for an LLC and sending documents to the offices of its local counsel.  The Court should order the transfer of this case to the District of Massachusetts, Boston Division.

Respectfully Submitted,

By:/___/s/ David Jakopin_____
Claudia Wilson Frost
State Bar No. 21671300
909 Fannin, Suite 2000
Houston, Texas 77010
(713) 276-7600
(713) 276-7673 (Facsimile)
Claudia.Frost@pillsburylaw.com
**ATTORNEY-IN-CHARGE FOR
DEFENDANT ARCHOS, INC.**

**OF COUNSEL:
PILLSBURY WINTHROP SHAW PITTMAN LLP**

David A. Jakopin
Amy P. Mohan
State Bar No. 24051070
909 Fannin, Suite 2000
Houston, Texas 77010
(713) 276-7600
(713) 276-7673 (Facsimile)
Amy.Mohan@pillsburylaw.com

*Attorneys For Defendant Archos, Inc.*

Dated: January 27, 2010

By:/___/s/ Jonathan Caplan_____
S. Calvin Capshaw
State Bar N. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
The Energy Centre
1127 Judson Road, Suite 220
Longview, Texas 75601-5157
Tel. :903-236-9800
Fax: 903-236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

**OF COUNSEL:
KRAMER, LEVIN, NAFTALIS & FRANKEL,
LLP**
Jonathan S. Caplan
Mark A. Baghdassarian
Benu Mehra
Marcus A. Colucci
1177 Avenue of the Americas
New York, New York 10036
Tel.: 212- 715-9100
Fax: 212-715-8000

*Attorneys for Defendant
Sirius XM Radio Inc.*

By:/___/s/ Rodger Sadler_____
Clyde Siebman
Texas Bar No. 18341600
SIEBMAN, REYNOLDS, BURG, PHILLIPS
& SMITH, LLP
Federal Courthouse Square
300 N. Travis
Sherman, Texas 75090
Telephone: (903) 870-0070
Facsimile: (903) 870-0066
E-mail: clydesiebman@siebman.com

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

Joseph A. Calvaruso *(Pro Hac Vice)*
Rodger A. Sadler
Richard Martinelli *(Pro Hac Vice)*
666 Fifth Avenue
New York, New York 10103
Tel.: (212) 506-5000
Fax: (212) 506-5151
jcalvaruso@orrick.com
rsadler@orrick.com
rmartinelli@orrick.com

***Attorneys for Defendant COBY Electronics Corp.***

**FISH & RICHARDSON P.C.**

By:/   /s/ Garland Stephens                          
Garland T. Stephens (24053910)
David J Healey (09327980)
John R. Lane (24057958)
Benjamin C. Elacqua (24055443)
Fish & Richardson PC
1221 McKinney Street
Ste 2800
Houston, TX 77010
713/652-0115
Fax: 713-652-0109
healey@fr.com
stephens@fr.com
jlane@fr.com
elacqua@fr.com

***Attorneys  for Defendant Apple Inc.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 27, 2010 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail.

*/s/ Khoa Nguyen*

Khoa Nguyen
