UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| Personal Audio, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case 9:09-cv-00111-RC |
| Apple, Inc., | ) |
| | ) |
| Sirius XM Radio, Inc., | ) |
| | ) |
| Coby Electronics, Corp., | ) |
| | ) |
| Archos, Inc., | ) |
| | ) |
| Defendants. | ) |

**PERSONAL AUDIO, LLC'S SUR-REPLY TO
THE DEFENDANTS' MOTION TO TRANSFER VENUE**

81252641.1

## Introduction

The Defendants have not pointed to **one** case involving transfer to a venue in which not one party, party witness, or party document is located. The recent case law following the Fifth Circuit's Volkswagen decision certainly provides no analogous situation. In that sense, the transfer of this case to the District of Massachusetts would be unprecedented.

Furthermore, the Defendants do not even attempt to rebut Personal Audio's evidence showing the likelihood of relevant and material witnesses existing in Texas. In particular, the silence of Apple on this issue speaks volumes. Apple has "many" employees at its Texas campus, not just some sales staff at retail outlets. And Apple, like the other defendants, does not deny that it has relevant and material witnesses in Texas. Similarly, none of the Defendants deny that the "bulk of relevant evidence" and witnesses regarding the design and development of the accused products are located in California, Colorado, Michigan, New York, New Jersey, China and France – not Massachusetts. It is clear from Defendants' silence on these and many other issues that their motion has nothing to do with convenience.

In short, under a straightforward application of the relevant factors, Defendants have not met their burden to show that Massachusetts is "clearly more convenient," and their motion should be denied.

## I. The Defendants Concede That the Access to Proof Factor Does Not Weigh in Favor of Transfer.

Personal Audio highlighted in its response that the Defendants have not identified one document or other physical evidence in the District of Massachusetts. The Defendants have now conceded this point, as they must, by ignoring it in their reply. Indeed, their perceived relevant document they focus so much on is stored in Beaumont, Texas, and was previously in New Hampshire. See, e.g., Def. Reply at 2-3 (citing Healey Decl. Exh. A at 13). The Defendants do not and can not dispute that plaintiff Personal Audio is a Texas LLC, whose original documents are kept in Beaumont, Texas. This factor does not weigh in favor of transfer.

81252641.1

## II. Defendants Have Not Proven That Significantly More Relevant, Material Witnesses Exist in Massachusetts, Particularly in Light of the National Scope of This Litigation.

The Defendants do not contest that witnesses are spread across the country—including in Texas. Instead, the Defendants simply repeat the argument that a few mostly tangential witnesses exist in Massachusetts. The Defendants' argument is still based upon legally and factually incorrect assumptions.

First, the Defendants focus most of their reply discussing Mr. Logan's "failed attempt to commercialize the invention," and the need to rebut Mr. Logan's story with live witnesses. Given Mr. Logan's testimony that the company quickly switched focus to magazines on tape, and has been defunct since 1998, it is unclear what Defendants would need to rebut. In any case, this is not a defense to patent infringement. In the recent i4i Ltd. Partnership v. Microsoft, Corp. decision, for instance, Judge Davis found Microsoft's arguments concerning failed attempts to commercialize the invention to be litigation misconduct. --- F.Supp.2d ----, 2009 WL 2449024, at *23-24 (E.D. Tex. Aug. 11, 2009). Accordingly, testimony on this topic should not be considered material, and does not support a transfer of venue.

Second, the Defendants continue to mischaracterize why anyone at Gotuit Media would have relevant information to this case. As an initial matter, the Defendants continue to ignore the difference between Gotuit Media and Gotuit Audio. Indeed, the Defendants simply refer to "Gotuit" in their reply. See, e.g., Def. Reply at 3. Personal Audio, nonetheless, set forth the distinction between the two entities in its opposition. The Defendants' only evidence between this case and a Gotuit entity shows a connection with "Gotuit Audio," not Gotuit Media. Indeed, the Defendants' evidence even makes clear that "Gotuit Audio, Inc. is a wholly owned subsidiary of Gotuit Media, Corp." Healey Decl., Exh. C at 19. The Defendants have not explained why current Gotuit Media CEO Marc Pascarella is relevant to a Gotuit Audio webpage that welcomes interest in the '076 patent.[1]

---

[1]   Contrary to the Defendants' suggestion, Mr. Pascerella was not with Gotuit Media from its inception. Rather, he came on board about eighteen months later.

2

81252641.1

Furthermore, the Defendants' reliance on an exchange of Gotuit stock for the "Personal Audio patents" is misleading and irrelevant. Personal Audio put its chain of title into evidence in its opposition papers, which should make clear that neither Gotuit Media nor Gotuit Audio ever had any ownership in the patents asserted in this case. Nonetheless, the Defendants' own evidence makes clear that some of the "Personal Audio patents" were assigned to a Gotuit entity and others were kept in the trust. See, e.g., Healey Decl. C at 44 (affirming that some of the patent applications "assigned by [Logan] from Personal Audio to the trust, those that didn't go to Gotuit are still inside the trust"). The asserted patents were never owned by Gotuit Media or Gotuit Audio. See Logan Decl. ¶8. The Defendants' suggestion to the contrary is wrong.

Lastly, the Defendants' characterization of Emergent Technologies is incorrect. "Emergent Technologies" is not "offering" to license the '076 patent. A stale Emergent Technologies webpage still exists on the internet. It is clearly outdated, as evident from its 2005 copyright date. See, e.g., id. Exh. E. The webpage also indicates that the Pause case against TiVo "is still pending." But the Defendants also provided a docket showing that case closed on January 30, 2006. Id. Exh. G, at 21. Thus, in 2005 Mr. Logan had a website naming a non-incorporated entity that solicited offers related to the '076 patent. This is not a reason to transfer a case. Similarly, the Defendants continue to argue that Mark Lowenstein is Emergent Technologies' Vice President. They do this in spite of Mr. Logan's testimony that he employed Mr. Lowenstein to work from home for six to eight months in 2005. Indeed, Defendants' own evidence lists Mr. Lowenstein's "Past" employment as a consultant at Emergent Technologies. See id. at Exh. F. The Defendants have not shown that Mr. Lowenstein is a relevant and material witness.

Finally, Defendants simply ignore that the vast majority of witnesses are spread across the country, and the world. The Defendants' attempts to exaggerate the relevance of a couple of tangentially related persons should be disregarded in the context of the overall case. It should be further disregarded in light of Defendants', and particularly Apple's, failure to address the issue of their own witnesses in Texas, as argued in Personal Audio's response. See Personal Audio

3

81252641.1

Opp. at 10-12. Defendants cannot keep Personal Audio, and this Court, in the dark on this issue when it is their burden to prove that Massachusetts is clearly more convenient than Texas. This factor is, at best, neutral on the record the Defendants have created.

### III. The Cost and Inconvenience of Trial in Boston Weighs Against Transfer.

In its opposition, Personal Audio set forth a detailed chart identifying specific distances relevant party witness would need travel. The Defendants do not dispute this chart, which is the Court's best evidence of cost and inconvenience, and demonstrates that the cost of attendance for willing witnesses does not favor transfer. Furthermore, the Defendants do not address the applicable law that "this factor may weigh against transfer or be neutral when the relevant witnesses are spread throughout the country or the world." Emanuel v. SPX Corp., No. 6:09cv220, 2009 WL 3063322, at *7 (E.D. Tex. Sept. 22, 2009) (citing In re Telular, 319 Fed. Appx. 909, 2009 WL 905472 (Fed. Cir. Apr. 3, 2009)).[2] For this reason alone, this factor weighs against transfer or is at least neutral.

Regarding the cost of the trial, the Defendants only respond to Ms. Case's declaration with attorney argument, not evidence. Therefore, the only evidence of record shows that trial in Boston is two to three times more expensive than trial in Lufkin. For what it is worth, Personal Audio's attorneys are based in Minneapolis. Apple's Fish & Richardson attorneys appear to be largely based in Texas. Therefore, Defendants' arguments to the effect that Boston is not an out-of-town trial with the associated expenses provided by Ms. Case are baseless. Ms. Case even considered the transportation difference, providing only one car in Boston to transport documents, versus two in Lufkin. See, e.g., Case Decl. ¶10. The evidence of record demonstrates that the cost factor for witnesses and trial weighs against transfer.

---

[2] Personal Audio's opposition memorandum mistakenly cites Adrain v. Genentech, Inc., No. 2:08-CV-423, 2009 WL 3063414, at *7 (E.D. Tex. Sept. 22, 2009) instead of Emanuel v. SPX Corp.

4

81252641.1

## IV. Other Considerations Make Clear that Trial in Texas Is More Convenient and Expeditious than in Massachusetts.

The Defendants chose not to explicitly rebut any of Personal Audio's argument for this factor. However, the Defendants continued to assert that the Pause Technology case against TiVo is related to this litigation. The Defendants go as far to claim that Mr. Logan "*disingenuously*" represented that the two were unrelated. However, a cursory citation in the '076 patent in one sentence out of forty-five columns of written description does not make the patents "related." Again, that case involved TiVo and DVR-devices. This case is about other defendants and MP3 players. It's that simple.

More generally, the Defendants' argument simply does not make sense. There is no plausible suggestion that even if this litigation was assigned to the same judge—of all the judges in the District of Massachusetts—that there would be some sort of overlap in subject matter that would make resolution more efficient. In stark contrast, and as this Court has previously determined, Apple has invoked the jurisdiction of this Court in litigation regarding the same products accused in this case, with the same presiding Judge. These past suits will aid the efficient handling of this litigation. The Defendants did not address this in either of their memoranda. This factor weighs against transfer.

### Conclusion

The record does not support transfer to the District of Massachusetts. The analysis shows most of the factors are neutral or weigh against transfer. None are "clearly" in favor of transfer. Personal Audio therefore respectfully requests that the Court deny the Defendants' motion and keep this case in Texas.

Dated: January 29, 2010

Respectively submitted,

By:/s/ Charles W. Goehringer
**GERMER GERTZ, L.L.P.**
Lawrence Louis Germer   (TX Bar # 07824000)
Charles W. Goehringer, Jr. (TX Bar # 00793817)
550 Fannin, Suite 400
P.O. Box 4915
Beaumont, Texas 77701
Telephone: (409) 654-6700
Telecopier: (409) 835-2115
E-Mail:    llgermer@germer.com
           cwgoehringer@germer.com

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
Ronald J. Schutz    (MN Bar No. 130849)
(Eastern District of Texas Member) (Lead Counsel)
Jake M. Holdreith   (MN Bar No. 211011)
(Eastern District of Texas Member)
Cyrus A. Morton (MN Bar No. 287325)
(Eastern District of Texas Member)
Kimberly Miller (MN Bar No. 032209X)
(Eastern District of Texas Member)
Patrick M. Arenz   (MN Bar No. 0386537)
(Eastern District of Texas Member)

800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile:  (612) 339-4181
E-mail:    RJSchutz@rkmc.com
           JMHoldreith@rkmc.com
           CAMorton@rkmc.com
           KGMiller@rkmc.com
           PMArenz@rkmc.com

**Attorneys for Plaintiff Personal Audio, LLC**

81252641.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2010, I caused a true and correct copy of this document (Personal Audio LLC's Sur-reply to the Defendants' Motion to Transfer) to be served on all counsel of record via Electronic Case Filing (ECF) pursuant to Local Rule CV-S(a).

Dated: January 29, 2010                                /s/ Charles W. Goehringer, Jr.
                                                       Charles W. Goehringer, Jr.