IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:09-CV-111 |
| v. | § | |
| | § | |
| APPLE, INC.; SIRIUS XM RADIO, INC.; | § | JUDGE RON CLARK |
| COBY ELECTRONICS CORP.; and | § | |
| ARCHOS, INC., | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM ORDER DENYING MOTION TO TRANSFER VENUE

Plaintiff Personal Audio, LLC filed suit against Defendants Apple, Inc., Sirius XM Radio, Inc., Coby Electronics Corp., and Archos, Inc., alleging that certain mp3 products infringe United States Patent Nos. 6,199,076 and 7,509,178. The patents share a common specification. They relate to an audio program player which will automatically play a predetermined schedule of audio program segments, and includes controls that allow the listener to skip forward or backward. Defendants now move to transfer venue to the United States District Court for the District of Massachusetts.

Personal Audio is a Texas LLC with an office in the Eastern District of Texas, at which it keeps many of its original documents. No party has a presence, evidence, or other documents in the District of Massachusetts. Two of the Defendants have their principal place of business in New York, which is closer to the District of Massachusetts than to this District, but the other two Defendants have principal places of business closer to Lufkin than Massachusetts. Many witnesses, documents, and evidence will have to travel a significant distance to trial regardless of

1

which forum hosts the case. At most, Defendants can show that there may be some non-party witnesses in the District of Massachusetts. Defendants have not met their burden of showing that the District of Massachusetts is "clearly more convenient" than the Eastern District of Texas. *In re Genentech*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). The motion to transfer is denied.

## I. Background

The following facts are undisputed, unless otherwise noted. Plaintiff Personal Audio, LLC is a Texas limited liability company located in Beaumont, Texas. Beaumont is in the Eastern District of Texas. Personal Audio's only office is located in Beaumont, and most of its original documents are stored there. Personal Audio was organized by two of the co-inventors of the patents-in-suit, James Logan and Charles Call. Mr. Logan resides in Candia, New Hampshire, while Mr. Call resides primarily in Marco Island, Florida.[1]

After the application which gave rise to the patents-in-suit was filed in 1996, Mr. Logan began a company in Methuen, Massachusetts called Personal Audio, Inc. The purpose of this company was to commercialize the technology covered by the patents, but was ultimately unsuccessful. According to Plaintiff, Personal Audio, Inc. ceased operating—not only in Massachusetts, but everywhere—in 1998.

Mr. Logan next founded two other companies, Gotuit Media, Inc. and Gotuit Audio, Inc. According to Personal Audio, neither company has ever held an ownership interest in the patents-in-suit, and the chain of title for the patents is as follows: the inventors assigned their

---

[1] The parties disagree on Mr. Call's primary residence. Personal Audio states that he lives primarily in Florida, and spends some time in Chicago, Illinois. Defendants suggest that he also lives in Massachusetts, citing a West Yarmouth, Massachusetts address attributed to Mr. Call on the '178 patent, which issued in March 2009.

rights to Personal Audio, Inc., which assigned its rights to Mr. Logan. Mr. Logan assigned his rights to a family trust, which then assigned the rights to Plaintiff, Personal Audio, LLC.

Like Personal Audio, none of the Defendants are incorporated, or have any office at all, in Massachusetts. Defendant Apple, Inc. is a California corporation, with its principal place of business in Cupertino, California. Cupertino is in the Northern District of California. As previously argued to this court in *Affinity Labs LLC v. Apple, Inc.*, 9:09-cv-47, Apple maintains one retail store in Plano, Texas, which is in this District. Additionally, one of Apple's four worldwide campuses is located in Austin, Texas. Apple's Operations and Sales divisions operate out of the Austin campus. Austin is in the Western District of Texas, which is immediately adjacent to this District. In *Affinity Labs*, where the accused products included, as they do in this case, the iPod and iPhone, Apple pointed to five former employees who reside in the Northern District of California as individuals having relevant and material information to the case.

Defendant Sirius XM Radio, Inc. is a Delaware corporation with its principal place of business in New York City, namely in Manhattan. Manhattan is in the Southern District of New York. Defendant Coby Electronics Corp. is a New York corporation with its principal place of business in Lake Success, New York. Lake Success is in the Eastern District of New York. The final Defendant, Archos, Inc., is a California corporation with its principal place of business in Greenwood Village, Colorado. Greenwood Village is in the District of Colorado. Archos also has offices in France and China.

## II.  Applicable Law

Defendants move to transfer venue pursuant to 28 U.S.C. § 1404(a), which provides that a district court may transfer a civil action to any district in which it might have been brought "[f]or the convenience of parties and witnesses" and "in the interests of justice." The goal of Section 1404(a) "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). The Federal Circuit will apply the law of the circuit in which the district court is located. *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000). The movant bears the burden of proof of showing that the transferee venue is clearly more convenient than the venue chosen by the Plaintiff. *In re Genentech*, 566 F.3d at 1348 (citing *In re Volkswagen of America, Inc.*, 545 F.3d 304, 310 (5th Cir. 2008)).

The threshold determination to be made under Section 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th Cir. 2003), *cert. denied*, 540 U.S. 1049, 124 S. Ct. 826 (2003).  If so, the court's analysis turns to the convenience of the parties and the witnesses. *In re Volkswagen,* 545 F.3d at 315. This determination involves examining several private and public interest factors, none of which are given dispositive weight individually. *Id.*

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of the witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen,* 545 F.3d at 315.  The public interest factors consist of (1) the administrative difficulties caused by court congestion; (2) the local

interest in adjudicating local disputes; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* A plaintiff's choice of forum is not an independent factor, and is taken into account only insofar as it places the burden on a defendant to show "good cause" for the transfer. *Id.* at 314, n.10.

### III. Analysis

A.  Whether the action could have been brought in the District of Massachusetts

28 U.S.C. § 1400(b) states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Neither side argues that this case could not have been brought in the District of Massachusetts. Defendants state, and Personal Audio does not refute, that they all transact and do business in Massachusetts, as they do in the Eastern District of Texas. Therefore, this action could have been brought in the District of Massachusetts.

B.  Private Interest Factors

1.  *The relative ease of access to sources of proof*

"[T]he place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d at 1345. This case is unusual in that *no* party's documents are located in the District of Massachusetts. The Defendants are spread out across the United States—two in New York, one in California, and one in Colorado—with potential sources of proof coming not only from these diverse locations but also possibly from Archos's offices in France and China. So long as Defendants' documents must be transferred somewhere—as they must be in this case, since no Defendant has identified any document in its possession that is, or

5

has ever been, located in Massachusetts—"it is only slightly more inconvenient or costly to require the transportation of those materials" to one forum versus another. *Id.* at 1346.

In contrast, the originals of most of Personal Audio's documents are located in the Eastern District of Texas. Although Personal Audio became a Texas LLC only two months before suit was filed, its presence in the Eastern District of Texas is not a "fiction." *See In re Hoffmann-La Roche, Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (where documents were converted and transmitted electronically to an attorney in the Eastern District of Texas, "the assertion that these documents were 'Texas' documents is a fiction which appears to . . . have been created to manipulate the propriety of venue.").

Personal Audio, LLC became a valid legal entity on the date of its incorporation. The court has found neither a statute that states, nor a case that holds, that there is a mandatory waiting period in which a plaintiff cannot file suit in a judicial district after incorporating in that district.[2] Personal Audio has only one office, which is located in Beaumont. That office contains the originals of many of its corporate documents, including most of those relating to prosecution and assignment of the patents-in-suit, the original assignment history of the patents, and the remaining documents from Personal Audio, Inc. Neither Personal Audio nor any Defendant has any contact with, or documents in, the proposed transferee venue of Massachusetts.

Defendants suggest that there is "substantial non-party evidence relating to the core issues of conception, reduction to practice, prosecution of the patents, assignments and offers to license

---

[2]It is common, for example, for a business to incorporate in the state of Delaware in order to take advantage of that state's corporate tax laws and its courts' experience in corporate matters. The court has not found any case holding that such a "strategic" incorporation should be held *against* a corporation when analyzing venue or jurisdiction.

the patents, and attempts to commercialize on that patents . . . all located in and around the Boston area." Defs. Mot. Transfer, at 4 [Doc. # 50].  Not only do Defendants fail to specifically identify what these documents might be or who actually possesses them, but many of the documents they seem to refer to, regarding prosecution, assignment, and the like, now appear to be located in Beaumont. Defendants' assertion is little more than speculation.

In light of the facts that no party is located, or has documents, in the District of Massachusetts; most of Personal Audio's documents are located in the Eastern District of Texas; and it is, at most, "only slightly more inconvenient" for Defendants to transfer their documents from their offices in California, Colorado, New York, France, and China to Texas versus Massachusetts, the court finds that this factor weighs against transfer.

2.        *The availability of compulsory process to secure the attendance of the witnesses*

Under Fed. R. Civ. P. 45(b)(2), a court's power to issue a deposition or trial subpoena extends to any witness who resides in the district or within 100 miles of where the deposition or trial is held.  While the court's subpoena power is subject to Rule 45(c)(3), a witness can nevertheless be compelled to attend trial from anywhere within the state in which the trial is held. *See* Rule 45(c)(3)(A)(ii); *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000).  The court's subpoena powers under Rule 45 are applied specifically to third-party witnesses.  *In re Volkswagen*, 545 F.3d at 316; *Emanuel v. SPX Corp./OTC Tools Div.*, 2009 WL 3063322 at *5, n.2 (E.D. Tex. Sept. 21, 2009).  Therefore, the court can discount any current employee of the parties when analyzing this factor.

Defendants allege there are eight non-party "witnesses" in this case.  Three of these are not witnesses at all, but are actually companies, one of which is located in New Hampshire.  Only five are individuals located in Massachusetts.[3]

With the exception of Mr. Goessling, co-inventor on the patents-in-suit, Personal Audio argues that it is highly unlikely any of the other four named individuals would have relevant information.  Ms. Holian, for instance, was the former vice-president of marketing for Personal Audio, Inc., a company which no longer exists, has not existed in over ten years, and was never able to commercialize the patents-in-suit.  Two of the cited witnesses—Messrs. Pascarella and Lowenstein—overlap with cited corporate non-party "witnesses" Gotuit Media and Emergent Technologies.  There is no reason the deposition of the CEO of Gotuit and the deposition of Gotuit would need to be counted separately, other than to increase the number of non-party "witnesses" present in the District of Massachusetts.

The court is required to "assess the relevance and materiality of the information the witness may provide." *In re Genentech*, 566 F.3d at 1343.  While this may not be a particularly high standard, the parties' briefing and counsel's comments at the January 25, 2010 Case

---

[3]The eight individuals and companies that Defendants name are: (1) Daniel Goessling, a co-inventor on the two patents-in-suit; (2) Personal Audio, Inc.; (3) Janet Holian, former vice-president of marketing for Personal Audio Inc.; (4) Gotuit Media, Inc. and its predecessors/successors; (5) Mark Pascarella, CEO of Gotuit Media; (6) Mark Lowenstein, vice-president of Emergent Technologies, which is a patent licensing company that has allegedly offered one of the patents-in-suit for sale; (7) Richard Goldhor, a co-inventor on patents related to Apple's inequitable conduct allegations; and (8) Emergent Technologies.  Messrs. Goessling, Pascarella, Lowenstein, and Goldhor, as well as Ms. Holian, all reside in Massachusetts.  According to Defendants, Gotuit Media and Personal Audio, Inc. are both located in Massachusetts, although Plaintiff disputes that Personal Audio, Inc. has existed anywhere since 1998.  The final company, Emergent Technologies, is located in New Hampshire.

Management Conference strongly suggest that at least some of these witnesses would be unlikely to have relevant or material information.

Even giving Defendants the benefit of the doubt regarding these witnesses, Apple previously represented to the court in *Affinity Labs* that it had five former employees who resided in the Northern District of California and had relevant information in that case. As in this case, the accused products in *Affinity Labs* included the iPod and iPhone. It is difficult to believe that these employees were relevant in the *Affinity Labs* case, but not here.

Neither side states why it would be difficult to compel the attendance of any non-party witness. Even if this court cannot compel a witness's attendance, neither party is precluded from using the videotaped deposition testimony of a witness who is beyond subpoena power. *See Symbol Tech, Inc. v. Metronomic Instruments, Inc.*, 450 F. Supp. 2d 676, 679 (E.D. Tex. 2006). Federal courts have traditionally preferred live testimony. However, few modern patent cases of note involve witnesses from only one state, or even one region or country. Given the international scope of intellectual property development, modern video equipment used by skilled operators under the direction of experienced counsel provides a reasonable and cost-efficient alternative for presenting testimony from which a jury or judge can make valid determinations of facts and even of credibility.[4] Defendants presented no unusual facts or circumstances to support their argument at the Case Management Conference and in their reply briefing that video depositions of non-parties would somehow cause them great hardship.

---

[4]This is not new or unfamiliar technology. Parties have been authorized to record depositions by video means, without prior approval of the court, since the 1993 Amendments to Fed. R. Civ. P. 30(b).

To summarize, the court considers it unlikely that some of the cited non-party witnesses subject to the subpoena power of the District of Massachusetts would have much relevant or material information. Even assuming they would, Apple previously represented to the court, although it failed to do so here, that it has at least five former employees in California who would not be subject to the subpoena power of the District of Massachusetts and who had relevant information regarding the iPod and iPhone. Although Personal Audio suggests that Apple probably has some former employees in Texas by virtue of its Austin campus, and that Coby has one sales representative in Texas, there is no showing on this record that the Eastern District of Texas would have subpoena power over any specific individual with relevant or material information. Taken as whole, this factor weighs somewhat in favor of transfer.

3.   *The cost of attendance for willing witnesses*

Because the District of Massachusetts is more than 1700 miles from Lufkin, Texas, the Fifth Circuit's "100 mile" rule applies. *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004). In this case, Defendants have not actually identified a single party witness or employee who might testify. While it is fair to say that there are no party witnesses or employees located in the Eastern District, the fact that no party has a corporate presence in the District of Massachusetts means the same is true for the suggested transferee District.

Based on the evidence in the record, Personal Audio's two main corporate representatives, James Logan and Charles Call, live primarily in New Hampshire and Florida, respectively.[5] Apple is located in California, Archos in Colorado, and the remaining two

---

[5]Mr. Call does reside partly in Chicago, Illinois. Chicago is marginally closer to Lufkin, Texas ,than Boston, Massachusetts. Regardless of the address cited on a patent which issued almost one year ago, Mr. Call states in his affidavit that he does not reside in Massachusetts. Pl.

Defendants in and around New York City. Archos potentially has witnesses in France and China as well. Based on Defendants' own motion, Apple and at least one of Archos's offices are both closer geographically to Lufkin than to Boston. Mr. Call is also closer to Lufkin. Mr. Logan, Sirius, Coby, and Archos's other two offices are all closer to Boston than Lufkin—albeit only slightly in the case of Archos's French and Chinese offices.

Defendants argue at length that even though several of these locations are closer geographically to Lufkin, the overall travel time would nevertheless be reduced if trial were in Boston. While this may or may not be true— and would be dependent on a number of factors such as the weather and traffic conditions; air traffic at a departure, destination, or connecting airport; and security checkpoints, to name a few—it is also worth pointing out that the actual costs of appearing as a witness at trial in Boston, Massachusetts, from the public transit rates to the prices of hotel rooms and meals, are far greater than they would be in Lufkin, Texas. The fact that two of the five parties involved in this case have counsel with offices in Boston does little to change this calculation.

In short, because no party has a presence in the District of Massachusetts, all party witnesses will be required to travel, regardless of the forum. Other than Mr. Logan and possibly witnesses associated with Coby and Sirius—again, the court notes that Defendants have failed to identify even the number of party witnesses residing in any particular forum, much less provide any guidance as to why their presence at trial would be needed—most will have to "travel a

---

Resp. Mot. Transfer, Aff. Charles Call, ¶ 4 [Doc. # 57]. Defendants provide no basis for this court to conclude that Mr. Call's statement is false.

significant distance in any event" to appear in the more distant forum. *In re Genentech,* 566 F.3d at 1348. On balance, this factor is neutral.

    4.    *All other practical problems that make trial easy, expeditious, and inexpensive*

Neither party has really identified any facts relevant to this factor. While Personal Audio points out that this case was filed in June 2009 and Defendants did not move to transfer venue until January 4, 2010—the last date they were permitted to do so under the court's Order Governing Proceedings—the motion was timely. Personal Audio also neglects to mention that it did not issue summonses for the four Defendants until September 8, 2009, and that it agreed to two extensions of the Answer deadline for Apple. Overall, this factor is neutral.

C.    <u>Public Interest Factors</u>

    1.    *The administrative difficulties caused by court congestion*

"[T]he speed with which a case can come to trial and be resolved may be a factor" the court can consider. *In re Genentech*, 566 F.3d at 1347. Median time to trial in the District of Massachusetts is 30.7 months. *See* Defs. Mot. Transfer, Ex. L. Time to trial or to disposition is so case-specific that median time to trial frequently offers little guidance. However, this court has already conducted a Rule 16 management conference, and has set the *Markman* hearing for August 31, 2010 and the trial for March 14, 2011. This is well under the median time to trial for the District of Massachusetts. This factor weighs slightly against transfer.

    2.    *The local interest in adjudicating local disputes*

While the accused products are sold in every district in the country, including the Eastern District of Texas, this factor, by itself, does not favor transfer. *In re TS Tech*, 551 F.3d 1315, 1321 (Fed. Cir. 2008). However, Personal Audio is a Texas LLC, while no party is located in

Massachusetts. Texas's interest in deciding this case is therefore greater than that of Massachusetts. This factor weighs against transfer.

3.   *The familiarity of the forum with the law that will govern the case*

The courts of the District of Massachusetts handle a docket of complex civil and criminal cases, including patent litigation. Judges in the Eastern District are also familiar with intellectual property litigation. This factor is neutral.

4.   *The avoidance of unnecessary problems in conflict of laws*

As federal patent law will apply to most of the issues in this case, there is no conflict of laws problem. This factor is neutral.

### IV. Conclusion

After careful analysis of the private and public interest factors, the court concludes that transfer is not warranted in this case. Private interest factor 1 and public interest factor 2 weigh against transfer, and public interest factor 1 weighs slightly against transfer. Private interest factor 2 weighs somewhat in favor of transfer, while the remainder of the private and public interest factors are neutral. Defendants have not met their burden to demonstrate that the District of Massachusetts is a "clearly more convenient" venue than the Eastern District of Texas.

IT IS THEREFORE ORDERED that Defendants Apple, Inc., Sirius XM Radio, Inc., Coby Electronics Corp., and Archos, Inc.'s Motion to Transfer Venue [Doc. # 50] is DENIED.

So **ORDERED** and **SIGNED** this **11** day of **February, 2010.**

_____
Ron Clark, United States District Judge