UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| Personal Audio, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| Apple Inc., | ) | Case 9:09-cv-00111-RC |
| Sirius XM Radio, Inc., | ) | **JURY TRIAL DEMANDED** |
| Coby Electronics, Corp., | ) | |
| Archos, Inc., | ) | |
| Defendants. | ) | |

**PERSONAL AUDIO, LLC'S MOTION TO COMPEL INTERROGATORY RESPONSES FROM APPLE INC.**

**INTRODUCTION**

Personal Audio respectfully requests an order compelling Apple to fully answer Interrogatory Nos. 2, 6, 7, 9, 10 and 11 from Personal Audio's First Set of Interrogatories.

On February 10, 2010, Personal Audio served Apple with its First Set of Interrogatories. These interrogatories sought information on three subjects pertinent to this motion: (1) Apple's non-infringement position; (2) how Apple's products work; and (3) the extent of Apple CEO Steven Jobs' involvement in the creation and development of the iPod and iPhone. *See* Exh. A.[1] Importantly, these interrogatories were served in time to elicit Apple's non-infringement position, and information about the operation of its products, prior to claim construction. Apple's

[1] All exhibits cited herein are attached to the Declaration of Patrick M. Arenz unless otherwise indicated.

Answers provided virtually no responsive information. *See* Exh. B. In particular, Apple takes the position that it need not provide any of its bases for its declaratory judgment counterclaim for non-infringement prior to the issuance of this Court's claim construction order next fall. In addition, Apple contends, contrary to precedent in this district, that it can rely on Fed. R. Civ. P. 33(d) to answer any interrogatory about the operation of its own products. *See LaserDynamics, Inc. v. Asus Computer Int'l*, No. 2:06-CV-348, 2009 WL 153161, at *2 (E.D. Tex. Jan. 21, 2009) ("The interrogatories are directed to the functionality of the defendants' own products. It is implausible to contend that the plaintiff stands on equal footing when it comes to determining how the defendant's own products operate."). Finally, despite Mr. Jobs' publicly recognized role in the early stages of the iPod, Apple will provide no further information about him. These three issues are explained below. Personal Audio requests timely resolution of these issues in light of the May 3, 2010 deadline for the parties to exchange claim construction positions and related evidence.

## ARGUMENT

### I. APPLE MUST RESPOND TO INTERROGATORY 6 PRIOR TO CLAIM CONSTRUCTION.

Both parties are currently preparing for the claim construction briefing in this case. As part of Personal Audio's efforts to identify potential claim construction issues, it served Interrogatory No. 6 on Apple. Interrogatory No. 6 requests that Apple:

> For each claim of the Asserted Patents that Apple contends is not infringed by any of the accused products, set forth in detail (on an element-by-element basis) the factual and legal basis for Apple's contention of non-infringement.

Exh. A. Apple has refused to provide a substantive answer to this interrogatory. Instead, Apple has asserted that Interrogatory No. 6 is premature under the Court's Scheduling Order and local patent rules. *See* Exh. B. Specifically, Apple contends that it cannot answer this interrogatory

until after claim construction occurs. *See* Exh. C. This is incorrect. Though claim construction may be a legal issue, an interrogatory is not objectionable merely because it "asks for an opinion of contention that relates to . . . the application of law to fact." *Nimkoff v. Dollhausen*, 262 F.R.D. 191, 195 (E.D.N.Y. 2009). Apple currently has a non-infringement theory, and this theory should be open to discovery.

Apple's argument is contrary to established precedent in this district, particularly *Caritas Technologies, Inc. v. Comcast Corp.*, No. 2:05-CV-339, 2006 U.S. Dist. LEXIS 94879 (E.D. Tex. Feb. 10, 2006). In that case, the Eastern District of Texas explicitly rejected a defendant's argument that it did not have to answer an interrogatory requesting the defendant's non-infringement position because the interrogatory was untimely. *Id.* at *17-18. The interrogatory at issue in *Caritas Technologies* requested, "the basis for each of [defendant's] Affirmative Defenses, Counterclaims, and the contentions set forth therein, but not limited to [defendant's] contention that it has not infringed [plaintiff's] patent . . . ." *Id.* at *18. The defendant refused to answer, arguing that the interrogatory was premature under P.R. 2-5 because it sought claim construction contentions. *Id.* at *19. The court rejected this argument, finding no case law that supported the defendant's position, and ordered the defendant to provide an answer. *Id*; *see also Balsam Coffee Solutions Inc. v. Folgers Coffee Co.*, 2009 U.S. Dist. LEXIS 114794, at *11-12 (E.D. Tex. Dec. 9, 2009) (requiring plaintiff to answer an interrogatory seeking its infringement allegations except to the extent that defendant sought specific claim construction positions from plaintiff). This Court should follow the reasoning in *Caritas Technologies* and order Apple to answer Interrogatory No. 6.

Apple's refusal to answer Interrogatory No. 6 also conflicts with this Court's local rules. Under Local Patent Rule ("P.R.") 2-5, a party cannot object to an interrogatory because it is premature unless it falls into one of four clearly defined categories. These four categories are:

(a) Requests seeking to elicit a party's claim construction position;
(b) Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;
(c) Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and
(d) Requests seeking to elicit from an accused infringer the identification of any opinions of counsel, and related documents, that it intends to rely upon as a defense to an allegation of willful infringement.

P.R. 2-5. Interrogatory No. 6 does not fall into any of these four categories. Thus, under this Court's own rules, Apple cannot withhold its non-infringement position solely on the basis that Interrogatory No. 6 is premature.

Apple's own filings to this Court demonstrate that it has a non-infringement position. For example, in its Amended Answer and Counterclaims, Apple asserted a declaratory judgment counterclaim regarding non-infringement. *See* Exh. D, at 43 ("Apple seeks . . . [t]hat each and every count of the '076 [and '178 patents] be declared not infringed by Apple"]. Under the Federal Rules of Civil Procedure, Apple must have had a basis for its claim that Apple's products do not infringe Personal Audio's patents. *See* Fed. R. Civ. P. 11(b). Similarly, in its response to Interrogatory No. 6, Apple stated that it can "produce relevant, non-privileged documents from which Personal Audio may ascertain the requested information." *See* Exh. B; *see also* Section II, *infra*. Clearly, then, if Apple's non-infringement position can be ascertained from documents, <u>Apple must have a non-infringement position</u>. Personal Audio is entitled to discovery as to what this non-infringement position is.

Apple may, of course, qualify its response based on the outcome of claim construction, just as every plaintiff does in its infringement contentions under the local rules. But Apple may not unilaterally decide to withhold its non-infringement position entirely. The fact that a defense may be changed or dropped as the case progresses does not prevent discovery related to that defense as long as it is still part of the case. *See Medtronic, Inc. v. Guidant Corp.*, No. 00-1473, 2003 U.S. Dist. LEXIS 26039, at *9-10 (D. Minn. Jan. 8, 2003). The Eastern District of Texas has recently ruled on this same issue in the context of a defendant's interrogatory asking for a plaintiff's infringement theory. "To the extent Plaintiff's understanding of the basis for its infringement theory changes due to discovery or claim construction, Plaintiff need only supplement its answer as it would with an answer to any other interrogatory." *Balsam Coffee Solutions*, 2009 U.S. Dist. LEXIS 114794, at *13. The same reasoning holds true for the defendant's non-infringement position.

Personal Audio requests this Court to order Apple to supplement its answer to Interrogatory No. 6 immediately. The parties must provide their claim construction positions on May 3, 2010. Personal Audio has a "legitimate interest in identifying claim construction issues." *Forgent Networks, Inc. v. Echostar Techs. Corp.*, No. 6:06-CV-208, 2006 U.S. Dist. LEXIS 88933, at *14 (E.D. Tex. Nov. 2, 2006). Without Apple's response, there is a greater chance that claim construction issues will arise later, and the process will not go smoothly. Apple recognizes this potential problem, as it has previously asserted that it could not adequately prepare for claim construction without Personal Audio's supplemental infringement contentions. *See* Exh. E. Nevertheless, Apple now maintains that Personal Audio should conduct claim construction without <u>any</u> information regarding Apple's non-infringement position. Apple's position conflicts

with precedent, this district's rules, and the interests of justice. Apple should be ordered to respond immediately.

## II. APPLE HAS IMPROPERLY USED FED. R. CIV. P. 33(d) TO AVOID ANSWERING INTERROGATORIES 2, 6, 9, 10 AND 11

Several of Personal Audio's interrogatories are aimed at obtaining information regarding how Apple's Accused Products work. Interrogatory Nos. 2, 6, 9, 10 and 11 ask for information regarding:

- how a playlist is transferred from a user's computer to an Accused Product (Interrogatory No. 2);
- the basis for Apple's non-infringement position (Interrogatory No. 6);
- the processor and corresponding software or algorithm allowing for continuous play on the Accused Products (Interrogatory No. 9);
- the processor and corresponding software or algorithm allowing a user to navigate forward or backward in a playlist on the Accused Products (Interrogatory No. 10);
- all hardware components that comprise the Accused Products (Interrogatory No. 11).

*See* Exh. A. These interrogatories all inquire as to how Apple's products function. As the company that manufactured the Accused Products, Apple obviously has responsive information about how its own products work. However, Apple has chosen not to provide this information. Instead, Apple simply gave the same boilerplate answer to all five interrogatories, stating that it would produce relevant documents at a later time "pursuant to Fed. R. Civ. P. 33(d)." *See* Exh. B.

Rule 33(d) allows a party to answer an interrogatory by providing business records. A party can only answer in this manner when, "the burden of deriving or ascertaining the answer [to the interrogatory] will be substantially the same for either party." Fed. R. Civ. P. 33(d). Rule 33(d) is inapplicable to the present case because Personal Audio and Apple are not in the same position to answer Personal Audio's interrogatories.

Moreover, Apple has to date produced only about 1,000 documents. About a third are alleged prior art publications. About a third are the user guides that consumers receive when they purchase iPods and iPhones. The remaining documents are for the most part brief "hardware specifications" that do not discuss the operation of the software. Apple has produced source code for inspection, but has produced no summary or narrative documents that describe how the source code operates.

Interrogatory Nos. 2, 9, 10 and 11 all focus on the fundamental question of how Apple's products work. Apple created the iPod and iPhone. It has manufactured these devices for years. Its employees have intimate knowledge of what parts and techniques were used to create these devices. It is absolutely implausible that Apple would have the same difficulty as Personal Audio in ascertaining how its own products work. The Eastern District of Texas recently rejected Apple's faulty logic in *LaserDynamics, Inc. v. Asus Computer Int'l*, No. 2:06-CV-348, 2009 WL 153161 (E.D. Tex. Jan. 21, 2009). Just like in the present case, the defendants in *LaserDynamics* attempted to use Rule 33(d) to avoid answering interrogatories "directed at the functionality of the defendants' own products." *Id.* at *2. The court rejected this use of Rule 33(d), finding it "implausible for the defendants to contend that the plaintiff stands on equal footing when it comes to determining how the defendants' own products operate." *Id.* at *2.

This same reasoning applies even more strongly to Interrogatory No. 6, which asks for the basis for Apple's legal theories. *See* Section I, *supra*. Apple of course is in a better position than Personal Audio, its opponent in this litigation, when it comes to identifying the grounds for Apple's own beliefs regarding non-infringement. Because Apple is in a substantially better position to ascertain the answers to Interrogatory Nos. 2, 6, 9, 10 and 11 than Personal Audio, this Court cannot allow Apple to invoke Rule 33(d) in its responses to these interrogatories.

## III. APPLE MUST PROVIDE RESPONSIVE INFORMATION REGARDING STEVEN JOBS IN RESPONSE TO INTERROGATORY 7.

Throughout this litigation, Personal Audio and Apple have clashed over whether Steven Jobs' role at Apple during the conception and development of the iPod and iPhone is a legitimate point for discovery.[2] In particular, Mr. Jobs' role in the initial conception and direction of the iPod is highly relevant in a patent case concerning the iPod, and could have implications for infringement and validity, including secondary indicia of non-obviousness. Importantly, this is not simply a fishing expedition meant to harass an executive. Publicly available information shows that Mr. Jobs was intimately involved in the creation of the iPod and iPhone. *See, e.g.*, Exh. J, at 3 (""Steve [Jobs] made some very interesting observations very early on about how this was about navigating content . . . Jobs insisted the iPod work seamlessly with iTunes, and that many functions should be automated, especially transferring songs"). Asserted claims in this case recite transferring audio to the player and navigating content. Apple's attorneys have suggested in open court that these functions are trivial. It appears that Mr. Jobs has made statements that directly impeach the arguments of Apple's attorneys to the Court. Despite this clear relevance, Apple did not list Mr. Jobs in its mandatory disclosure of all "persons having knowledge of facts relevant to the claim or defense of any party." *See* Exh. K.

In addition to requesting documents, Personal Audio sought to determine the scope of Mr. Jobs' involvement through less intrusive means than a deposition. Thus, Interrogatory No. 7 states:

---

2 Personal Audio has also consistently expressed its need for information about the conception and initial development of the iPod, including market analysis and strategic business decision-making about Apple's entry into the market for personal audio players. *See* Exh. F; Exh. G. Apple has maintained that it need not even attempt to find such information, and will not search for marketing or executive level documents, including those of Steven Jobs. *See* Exh. H; Exh. I. However, Apple has stated that documents collected from other litigations contain some documents in this category and will be produced. *See* Exh. I. Apple has still not produced these previously-collected documents in this case. These circumstances further compelled Personal Audio to include Interrogatory No. 7 regarding Steven Jobs in the present motion.

> "Identify and describe in detail Steven Jobs' involvement in the creation, marketing, business-decision making process, and sales of the Accused Products, including but not limited to, all executive-level strategic decisions he was involved with relating to the Accused Products, his views and opinions on why the Accused Products have been successful, and the challengers he perceived Apple overcame in developing and bringing the Accused Products to market.

Exh. A. Apple's response to Interrogatory No. 7 is: "Mr. Steven Jobs is the Chief Executive Officer of Apple Inc." Exh. B. The answer is clearly nonresponsive.

The Federal Rules of Civil Procedure allow Personal Audio to move to compel a discovery response if a party makes an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(3)(B)(iii); 37(a)(4). Apple's response to Interrogatory No. 7 is just such an evasive and incomplete answer. Personal Audio requested specific information regarding Steven Jobs' decisions, his opinions, and his role in the development of the iPod and iPhone. Publicly available information confirms that Mr. Jobs had significant involvement in the creation and design of the accused products. *See* Exh. J. In response, Apple provided nothing more than a job title. Personal Audio requests a complete answer.

**CONCLUSION AND RELIEF SOUGHT**

For the reasons set forth above, Personal Audio respectfully requests that this Court order Apple to fully and accurately respond to Personal Audio's Interrogatories Nos. 2, 6, 7, 9, 10 and 11.

Dated: April 5, 2010

Respectively submitted,

By:/s/ Charles W. Goehringer

**GERMER GERTZ, L.L.P.**
Lawrence Louis Germer (TX Bar # 07824000)
Charles W. Goehringer, Jr. (TX Bar # 00793817)
550 Fannin, Suite 400
P.O. Box 4915
Beaumont, Texas 77701
Telephone: (409) 654-6700
Telecopier: (409) 835-2115
E-Mail: llgermer@germer.com
cwgoehringer@germer.com

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
Ronald J. Schutz (MN Bar No. 130849)
(Eastern District of Texas Member) (Lead Counsel)
Jake M. Holdreith (MN Bar No. 211011)
(Eastern District of Texas Member)
Cyrus A. Morton (MN Bar No. 287325)
(Eastern District of Texas Member)
Kimberly Miller (MN Bar No. 032209X)
(Eastern District of Texas Member)
Patrick M. Arenz (MN Bar No. 0386537)
(Eastern District of Texas Member)

800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
E-mail: RJSchutz@rkmc.com
JMHoldreith@rkmc.com
CAMorton@rkmc.com
KGMiller@rkmc.com
PMArenz@rkmc.com

**Attorneys for Plaintiff Personal Audio, LLC**

**CERTIFICATE OF SERVICE**

I do hereby certify that on April 5, 2010, I caused a true and correct copy of this document (Personal Audio, LLC's Motion to Compel Interrogatory Responses from Apple Inc.) to be served on all counsel of record via Electronic Case Filing (ECF) pursuant to Local Rule CV-5(a).

Dated: April 5, 2010

/s/ Charles W. Goehringer, Jr.
Charles W. Goehringer, Jr.

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule CV-7(h) and the Court's Order of November 10, 2009, Ronald J. Schutz, Cyrus A. Morton, Charles W. Goehringer, Jr., and Patrick Arenz, counsel for Personal Audio, LLC ("Personal Audio"), spoke with counsel for Defendant Apple Inc. ("Apple"), Garland T. Stephens, Ben C. Elacqua, and David Healey, on March 29, 2010, and discussed the deficiencies in Apple's responses to Personal Audio's First Set of Interrogatories, in an attempt to resolve the issues. The parties have also exchanged correspondence on March 25, 2010, and March 29, 2010 on the same issues. Despite these communications, Personal Audio and Apple have not been able to come to a resolution. Counsel for Apple has indicated that they are opposed to the relief requested in this motion.

Date: April 5, 2010

/s/ Cyrus A. Morton
Cyrus A. Morton