**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| PERSONAL AUDIO, LLC, | |
| Plaintiff, | |
| v. | CASE NO.  9:09-CV-00111-RC |
| APPLE INC., | <u>JURY TRIAL DEMANDED</u> |
| SIRIUS XM RADIO, INC., | |
| COBY ELECTRONICS, CORP., | |
| ARCHOS, INC., | |
| Defendants. | |

**PROTECTIVE ORDER REGARDING THE DISCLOSURE AND**
**<u>USE OF DISCOVERY MATERIALS</u>**

Plaintiff Personal Audio, LLC ("Personal Audio") and Defendants Apple Inc., Sirius XM

Radio, Inc., Coby Electronics, Corp. and Archos, Inc. (collectively "the Defendants") anticipate

that documents, testimony, or information containing or reflecting confidential, proprietary,

trade secret, and/or commercially sensitive information is likely to be disclosed or produced

during the course of discovery, initial disclosures, and supplemental disclosures in this case

and request that the Court enter this Order setting forth the conditions for treating, obtaining,

and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Rules") and Federal

Rule of Evidence 502, the Court GRANTS the parties' Agreed Motion for Protective Order

[Doc. # 115] and enters the following Protective Order:

1.      **PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

(b)     The parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other parties that it is withdrawing or changing the designation.

2.      **DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)     "Patents-in-Suit" means U.S. Patent Nos. 6,199,076 and 7,509,178, and any other patents asserted in this case, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(c)     "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(d)     "Producing Party" means any Party or other third-party entity that discloses or produces any Discovery Material in this case.

(e)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.  Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(f)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(g)     "Source Code" means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator or other data processing module.

3.     **<u>COMPUTATION OF TIME</u>**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rules 6(a) and 6(e) and the Eastern District of Texas Local Rules.

4.     **<u>SCOPE</u>**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or their counsel in court or in other settings that might reveal Protected Material.

**AGREED PROTECTIVE ORDER**
**– PAGE 3**

(b)      Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c)      Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with consent of the Producing Party or Order of the Court.

(d)      This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.      **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)      <u>Basic Principles</u>.

(i)      All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(ii)      No defendant is required to produce its Protected Material to any other defendant or defendants, but nothing in this Order shall preclude such production.

(iii)    In cases where plaintiff receives Protected Material from a particular defendant, plaintiff shall not disclose such Protected Material to any other defendant or defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the defendant that produced the Protected Material.

(iv)    <u>Prosecution Bar</u>.  Absent the written consent of the Producing Party, any person that receives access to CONFIDENTIAL ATTORNEYS' EYES ONLY or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE shall not be involved in the prosecution of patents or patent applications relating to the subject matter of such information or of the lawsuit or Patents-in-Suit (including but not limited to any application claiming priority to or otherwise related to the patents asserted in this action), before any foreign or domestic agency, including the United States Patent and Trademark Office.  For purposes of this paragraph, "prosecution" includes, without limitation:  (i) the drafting or amending of patent claims, or the supervising of the drafting or amending of patent claims; and (ii) advising any client concerning strategies for obtaining or preserving patent rights in the above-listed field.

This prohibition does not prevent outside litigation counsel from advising prosecution counsel in any reexamination or reissue proceeding, so long as such activity is in compliance with this Protective Order.  This prohibition on patent prosecution shall begin when access to Protected Material is first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.  This prosecution bar is personal to the person receiving such Protected Material and shall not be imputed to any other person or entity.

(b) <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent Counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Order.

(c) <u>Limitations</u>. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.

7. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b) <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital

files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed CONFIDENTIAL – ATTORNEYS' EYES ONLY during the inspection and re-designated, as appropriate during the copying process.

        (c)    <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within fifteen (15) days of receipt of the official transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed CONFIDENTIAL – ATTORNEYS' EYES ONLY until the time within which it may be appropriately designated as provided for herein has passed.  Any party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential

testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A   Producing   Party   may   designate   Discovery   Material   as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party's outside counsel of record, their immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, except that unless otherwise agreed, no outside counsel for a defendant in this matter shall have access to CONFIDENTIAL Discovery Material produced by another defendant in this matter.

(ii)    In-house counsel for the party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) such representative has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below. Except as

**AGREED PROTECTIVE ORDER**
**– PAGE 8**

otherwise agreed, no representatives of a defendant in this matter shall have access to CONFIDENTIAL Discovery Material produced by another defendant in this matter. For Personal Audio, Charles G. Call and James D. Logan will have access to CONFIDENTIAL Discovery Material.

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below.  Except as otherwise agreed, no expert or consultant retained by a defendant in this matter shall have access to CONFIDENTIAL Discovery Material produced by another defendant in this matter.

(iv)     Translators of or into foreign languages who are not employed by or affiliated with any of the parties, but are retained only to provide translations of any material designated as CONFIDENTIAL, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(v)     Court reporters, stenographers and videographers retained to record testimony taken in this action.

(vi)     The Court, jury, and court personnel.

(vii)     Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(viii)   Any persons who: i) appear on the face of the designated Protected Material as an author, addressee or recipient thereof, or ii) are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that the designated Protected Material was authored or received by the witness.

(ix)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

(x)   Any other person with the prior written consent of the Producing Party.

9.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)   A Producing Party may designate Discovery Material as CONFIDENTIAL – ATTORNEYS' EYES ONLY if it contains or reflects information that is extremely confidential and/or extremely sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, sensitive private information of an individual or personal information protected by foreign or domestic privacy laws, and other non-public information of similar competitive and business sensitivity.

**AGREED PROTECTIVE ORDER
– PAGE 10**

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's outside counsel of record, their immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, except that unless otherwise agreed:  (a) no outside counsel for a defendant in this matter shall have access to Discovery Material designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY produced by another defendant in this matter; and (b) no outside counsel who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), for his or her client shall have access to Discovery Material designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

(ii)     Not more than three (3) designated in-house counsel who are directly responsible for this action, and their immediate paralegals and staff, except as otherwise agreed:  (a) no in-house counsel for a defendant in this matter shall have access to Discovery Material designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY produced by another defendant in this matter; and (b) no in-house counsel who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), for his or her client shall have access to Discovery Material designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY.   In addition, before Discovery Material designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY is disclosed to any of the three (3) designated in-house counsel for a Receiving Party:  (c) all objections to such disclosure must be resolved after proper notice has been given to all parties as set forth in Paragraph 12(b), and (d) the designated in-house counsel must first agree to be bound by the provisions of the Protective

Order by signing a copy of Exhibit A.  For Personal Audio, Charles G. Call and James D. Logan may review a redacted copy of any expert's damages report submitted in connection with this litigation.  The redaction shall be made by Defendants and shall be of CONFIDENTIAL – ATTORNEYS' EYES ONLY documents and/or information, including attachments thereto. The Defendants, moreover, will negotiate in good faith to allow access to comparable patent license agreements and any protected non-technical information that may be important for Messrs. Call and Logan to consider for a mediation.

(iii)      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A, (b) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party, and (c) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below.  Except as otherwise agreed, no expert or consultant retained by a defendant in this matter shall have access to Discovery Material designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY produced by another defendant in this matter.

(iv)      Translators of or into foreign languages who are not employed by or affiliated with any of the parties, but are retained only to provide translations of any material designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(v)      Court reporters, stenographers and videographers retained to record testimony taken in this action.

(vi)     The Court, jury, and court personnel.

(vii)     Any persons who: i) appear on the face of the designated Protected Material as an author, addressee or recipient thereof, or ii) are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that the designated Protected Material was authored or received by the witness.

(viii)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

(ix)     Any other person with the prior written consent of the Producing Party.

10.     **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary and/or trade secret Source Code.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)      The Receiving Party's outside counsel of record and their immediate paralegals and staff, except that unless otherwise agreed:  (a) no outside counsel for a defendant in this matter shall have access to Discovery Material designated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE produced by another defendant in this matter; and (b) no outside counsel who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have access to Discovery Material designated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE.

(ii)      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A, (b) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party, and (c) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below. Except as otherwise agreed, no expert or consultant retained by a defendant in this matter shall have access to Discovery Material designated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE produced by another defendant in this matter.

(iii)      Court reporters, stenographers and videographers retained to record testimony taken in this action.

(iv)      The Court, jury, and court personnel.

(v)      Any persons who: i) appear on the face of the designated Protected Material as an author, addressee or recipient thereof, or ii) are witnesses during a deposition,

court hearing, or trial where specific documentary or testimonial evidence establishes that the designated Protected Material was authored or received by the witness.

(vi)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

(vii)    Any other person with the prior written consent of the Producing Party.

11.     **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)     Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at an office of its outside counsel, Robins, Kaplan, Miler & Ciresi L.L.P., or any other location mutually agreed by the parties.  Source Code that is produced by Apple Inc., Sirius XM Radio, Inc., and Archos, Inc., shall be made available for inspection in electronic format at the Houston, Texas office of its outside counsel, Fish & Richardson P.C., or any other location mutually agreed by the parties.  Source code that is produced by Coby Electronics, Corp., shall be made available for inspection in electronic format at the Lufkin, Texas office of its outside counsel Siebman, Reynolds, Burg, Phillips & Smith, LLP.  Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days, although the parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)     Defendants' production obligations pursuant to Patent Rule 3-4 will be made on the date set forth in the Scheduling Order.  The requesting party shall provide thirty (30) days notice of additional Source Code that it wishes to inspect and the Defendants agree to meet and confer on the production of additional Source Code within seven (7) days of the request, if there is going to be a dispute about the additionally requested Source Code. Nothing in this

subdivision or elsewhere in this Order limits the Defendants' obligations to fully comply with Patent Rule 3-4.

(c)     Source code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least ten (10) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs,

**AGREED PROTECTIVE ORDER**
**– PAGE 16**

DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.  The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer. Counsel for the Producing Party is not permitted to review any notes made by the Receiving Party.  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and that no information concerning the Source Code are being created or transmitted in any way.  The person who visually monitors the activities of the Receiving Party's representatives during any Source Code review shall not work on the case and shall not communicate with anyone working on the case unless the person suspects a violation under this Order.

(iii)    The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.  The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Any printed portion that consists of more than twenty-five (25) pages of a continuous block of code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  Further, any printed portion(s) that consist of more than one-hundred and fifty (150) pages total shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The

Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere. Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party. If the Producing Party objects that the printed portions are excessive and/or not done for a permitted purpose, the Producing Party shall make such objection known to the Receiving Party within five (5) days. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The Producing Party bears the burden of moving and persuading the Court for such a resolution. In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Party shall provide one copy set of such pages to the Receiving Party within ten (10) days of the Receiving Party's request. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(iv)     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any disclosure required under Paragraph 12 of this order. All persons viewing Source Code shall sign on each

day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.

(v)     Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(vi)     Other than as provided in Paragraph 11(c)(iii) above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(vii)    The Receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(iii), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code received from a Producing Party that are delivered by the Receiving Party to any qualified person under Paragraph 10 above.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon five (5) day's advance notice to

the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(viii)   The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. The Receiving Party's outside counsel of record may transport its copy of any Source Code to any relevant deposition.

(ix)   Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited to solely individuals who are expressly authorized to view Source Code under the provisions of this Protective Order.  In cases

**AGREED PROTECTIVE ORDER**
**– PAGE 20**

where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations where the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

12.   **NOTICES CONCERNING PROTECTED MATERIAL**

(a)   Experts or consultants receiving Protected Material shall not be a current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party.

(b)   Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), 9(b)(iii), and 10(c)(ii) ("Person"), the party seeking to disclose such information shall provide the Producing Party or Parties with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of the person's relevant work experience, including relevant consulting relationships; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

(c)   Within ten (10) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period. If the Producing Party objects to disclosure to the Person

within such ten (10) day period, the parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the objection is resolved by the Court.

(d)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order, as controlled by relevant case law.

(e)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(f)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the nonobjecting party from later objecting to continued access by that Person for a heightened showing of good cause.  If an objection is made, the parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws

**AGREED PROTECTIVE ORDER**
**– PAGE 22**

its objection.   Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within five (5) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13.   **MOCK JURORS**

(a)   The parties continue to dispute the scope of this paragraph, however, the parties agree to negotiate in good faith prior to October 1, 2010 to attempt to resolve their disputes.  If the parties are unable to resolve such disputes prior to October 1, 2010, Defendants agree to move within 14 days of such date for a supplemental protective order on disputed issues, if any.

14.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)   A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)   At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation for all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. Such notice shall identify specific documents and the reasons why the Receiving Party is making such challenge.  If the parties are unable to agree as to whether the confidential designation of Protected Material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Material. Thereafter, the party or parties disclosing or producing the Protected Material shall have twenty (20) days from the date of certification to file a motion for protective order with regard to any

Protected Material in dispute. The party or parties producing the Protected Material shall have the burden of establishing that the disputed Protected Material is entitled to confidential treatment. If the party or parties producing the Protected Material do not timely file a motion for a protective order, then the Protected Material in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Material is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Material is entitled to confidential treatment.

15.      **SUBPOENAS OR COURT ORDERS**

(a)      If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to move for a protective order regarding the production of Protected Materials.

16.      **FILING PROTECTED MATERIAL**

(a)      Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

(b)      Any Receiving Party is authorized under the Eastern District of Texas Local Rules to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  Nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code set forth in Paragraph 11 above.

**AGREED PROTECTIVE ORDER**
**– PAGE 24**

17.      **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)      The inadvertent production by a party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite that party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.  A request for return is presumed to be prompt if made in writing within 10 days of discovering the inadvertent production. This Order constitutes a Federal Rule of Evidence 502(d) order, establishing that any inadvertently produced material subject to the attorney-client privilege or work product immunity is not a waiver as to Personal Audio, the Defendants, or any other third party.

(b)      Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)      Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

18.      **PRIVILEGE LOGS** - Privileged or work product materials created on or after June 25, 2009 (the filing date of this litigation) do not need to be logged by the Parties on their

**AGREED PROTECTIVE ORDER**
**– PAGE 25**

privilege logs.  This provision shall not preclude the production of documents created after June 25, 2009 and a corresponding privilege log on a case-by-case basis where there is a demonstrated need for such production and privilege log

19.   **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)   The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order, or the inadvertent failure by a Producing Party to designate Discovery Material with the correct confidentiality designation, shall not waive any such designation provided that the Producing Party notifies all Receiving Parties with the proper confidentiality designation within ten (10) days of the Producing Party learning of the inadvertent failure to so designate.

(b)   A Receiving Party shall not be in breach of this Order for any use of such inadvertently-non-designated or inadvertently-mis-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.

20.   **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)   In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has

been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)      Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

21.      **FINAL DISPOSITION**

(a)      Not later than one hundred twenty (120) days after the final disposition of this case, (including after any appeals), each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.

(b)      All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions), deposition transcripts and admitted exhibits for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

22.      **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)      Testifying experts shall not be subject to discovery on any draft of his or her report in this case that was written by or for the testifying expert or his or her staff and such

draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually reviewed and relied upon by the testifying expert in forming his/her final report, trial, or deposition testimony or any opinion in this case.  No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his final report, trial, or deposition testimony or any opinion in this case.

(c)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 21(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and protective order.

(e)     Nothing in Paragraphs 21(a)–(c) shall alter or change in any way the requirements in Paragraph 11 regarding printing of Source Code, and Paragraph 11 shall control that issue.

23.     **MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the

**AGREED PROTECTIVE ORDER**
**– PAGE 28**

Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter and Retention of Jurisdiction</u>.   The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.   The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     <u>Successors</u>.   This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.   Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.   This Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     <u>Burdens of Proof</u>.   Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas.

(g)     <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Eastern District of Texas, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Eastern District of Texas, or the Court's own orders.

**SO ORDERED.**

So **ORDERED** and **SIGNED** this **6**  day of **May, 2010.**

_____
Ron Clark, United States District Judge

**AGREED PROTECTIVE ORDER**
**– PAGE 30**

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Personal Audio, LLC v. Apple Inc. et al.*, United States District Court, Eastern District of Texas, Lufkin Division, Civil Action No. 9:09-CV-00111-RC.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]