**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION No. 9:09CV111 |
| v. | § § | |
| APPLE, INC.; SIRIUS XM RADIO, INC.; COBY ELECTRONICS CORP.; and ARCHOS, INC., | § § § § § | JUDGE RON CLARK |
| *Defendants*. | § § | |

# **ORDER**

Before the court is Plaintiff Personal Audio, LLC's ("Personal Audio") status report [Doc. #158] pursuant to the court's May 10, 2010 order [Doc. #124] concerning Defendant Sirius XM Radio, Inc.'s ("Sirius") production of source code for the accused products, and Defendant Sirius's response [Doc. #161]. Personal Audio states that it has obtained the necessary source code for one of the three accused products, the S50, but it has not yet obtained the desired source code for the Stiletto products, the SL100 and SL2. [*See* Doc. #158 at 1.] Personal Audio therefore seeks additional time to supplement its infringement contentions in accordance with the court's May 10, 2010 order. [*See* Doc. #158 at 7.] Sirius states that it does not object to the relief requested by Personal Audio.[1] [*See* Doc. #161 at 10.]

---

[1] Sirius also requests "comparable time to supplement its interrogatory responses for non-infringement contentions." [Doc. #161 at 10.] The court is confident that counsel can agree on a reasonable time for Sirius to supplement its responses for non-infringement contentions after it receives Personal Audio's supplemental infringement contentions. If counsel cannot

Personal Audio states that it is prepared to immediately supplement its infringement contentions for the S50 by citing file names where the infringing structure is found, but that it cannot cite bates numbers in its infringement contentions until it receives the numbered source code files from Sirius. [*See* Doc. #158 at 6-7.] Therefore, it is **ORDERED** that Personal Audio shall provide Sirius with its supplemental infringement contentions for the S50 product with citations to the file names where the infringing structure is found no later than five (5) days after the date of this order. It is further **ORDERED** that Personal Audio shall supplement these contentions for the S50 product with citations to bates numbers no later than seven (7) days after Sirius produces the bates numbered source code files identified by Personal Audio. It is further **ORDERED** that Personal Audio shall provide Sirius with its supplemental infringement contentions for the SL100 and SL2 products no later than thirty (30) days after the Zing source code that runs on those players is made available for inspection.[2] The parties are reminded that their discovery disputes shall not be used as a basis to extend future deadlines in this case, including the *Markman* briefing deadlines, the deadlines for expert reports and objections, and the dispositive motions deadline.

So **ORDERED** and **SIGNED** this **1** day of **July, 2010.**

_____
Ron Clark, United States District Judge

---

agree, Sirius may move the court for an extension at that time.

[2] Sirius has informed the court that it expects the relevant Zing source code will be made available for inspection by the middle of the week of June 28, 2010. [*See* Doc. #162.]