**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION No. 9:09CV111 |
| v. | § | |
| | § | |
| APPLE, INC.; SIRIUS XM RADIO, INC.; | § | JUDGE RON CLARK |
| COBY ELECTRONICS CORP.; and | § | |
| ARCHOS, INC., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## ORDER MODIFYING SCHEDULING ORDER

As discussed at the January 20, 2011 status conference, this case will be tried in two

parts. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and

economize, the court may order a separate trial of one or more separate issues . . . ."). The first

trial will address Plaintiff Personal Audio, LLC's ("Personal Audio") claims of infringement,

and willfulness if applicable, against Defendant Apple, Inc. ("Apple") with respect to the iPod

Classic, iPod Mini, iPod Nano, and iPod Shuffle product lines, as well as *all* of Apple's claims of

invalidity and unenforceability. The second trial will address Personal Audio's claims of

infringement, and willfulness if applicable, against Apple with respect to the iPhone, iPod

Touch, and iPad product lines. The court hereby issues this order modifying its previous

Scheduling Order [Doc. #62].

It is **ORDERED** that the following actions shall be completed by the date indicated:

February 7, 2011   Deadline for Personal Audio to file opening claim construction brief of no more than five (5) pages concerning the "separately stored" limitation in claim 14 of the '178 patent.

February 14, 2011   Deadline for Apple to file responsive claim construction brief of no more than eight (8) pages concerning the "separately stored" limitation in claim 14 of the '178 patent.

Deadline for Personal Audio to amend Infringement Contentions and supplement expert reports to the extent necessary in light of the court's order denying Apple's motion for summary judgment of indefiniteness and construing disputed means-plus-function terms [Doc. #292].

Deadline for Personal Audio to select representative claims and to notify the court and opposing counsel of same. Personal Audio shall select no more than seven (7) total claims and no more than four (4) claims from one patent. On this date, Personal Audio may identify two alternative sets of representative claims from the '178 patent.

February 21, 2011   Deadline for Personal Audio to file reply claim construction brief of no more than three (3) pages concerning the "separately stored" limitation in claim 14 of the '178 patent.

**Within three (3) calendar days of the court's order construing the "separately stored" limitation, Personal Audio shall select one of the alternative representative claim sets it identified for the '178 patent and notify the court and opposing counsel of same.**

February 28, 2011   Deadline for Apple to amend Invalidity Contentions and supplement expert reports to the extent necessary in light of the court's order denying Apple's motion for summary judgment of indefiniteness and construing disputed means-plus-function terms [Doc. #292].

March 21, 2011   Deadline for Apple to notify the court and opposing counsel of the items of prior art it asserts anticipates each representative claim and the precise combinations of prior art it asserts render one or more of the representative claims obvious.

| | |
|---|---|
| April 4, 2011 | Deadline for Apple to serve Non-Infringement Contentions. Non-Infringement Contentions shall contain a chart responsive to the chart required by P.R. 3-1(c) that identifies as to each element of each asserted representative claim whether such element is present literally or under the doctrine of equivalents, if applicable, in each Accused Instrumentality and, if not, the reason for such denial and the relevant distinctions. |
| April 8, 2011 | Deadline for dispositive motions. As discussed at the January 20, 2011 status conference, Apple wishes to withdraw its currently-pending motion for summary judgment of non-infringement. [*See* Doc. #290, Notice of Withdrawal.] Accordingly, that motion [Doc. #273] is hereby **DENIED WITHOUT PREJUDICE**. Apple's one motion for summary judgment without leave, as well as any other summary judgment motions the court grants leave to file based on the letter briefs currently before it, must be filed by this date. |
| April 25, 2011 | Deadline for Personal Audio to serve its Response to Apple's Invalidity Contentions. The Response to Invalidity Contentions shall contain a chart responsive to the chart required by P.R. 3-3(c) that states as to each identified element in each asserted representative claim whether Personal Audio admits to the identity of elements in the prior art and, if not, the reason for such denial. |
| May 10, 2011 | Deadline for discovery. All discovery must be served in time to be completed by this date. |
| May 17, 2011 | Notice of intent to offer certified records at first trial. |
| May 17, 2011 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order for first trial, *see* L.R. CV-16(b), and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law for non-jury issues). |

May 24, 2011      Video deposition designations for first trial due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which can not be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the court's rulings on objections.

May 31, 2011      Motions in limine and deposition counter-designations, if any, for first trial due.

File Joint Final Pretrial Order for first trial. *See* Local Rules App. D (obtain form for exhibit list from District Clerk's Office, or create an exhibit list form that mirrors the District Clerk's form).

Exchange exhibits for first trial and deliver copies to the court. At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (two copies), an no hard copies.

June 7, 2011      Response to motions in limine for first trial due.[1]

File objections to witnesses, deposition extracts, and exhibits listed in Final Pretrial Order for first trial.[2] (This does not extend the deadline to object to expert witnesses.) If numerous objections are filed the court may set a hearing prior to docket call.

File Proposed Jury Instructions and Verdict Form for first trial (or Proposed Findings of Fact and Conclusions of Law for non-jury issues).

---

[1] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is a particularly difficult or novel issue, the court needs some time to review the matter. To save time and space, respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall meet and confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all issues that are resolved.

[2] Within five calendar days after the filing of any objections, opposing counsel **shall meet and confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues that are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

| | |
|---|---|
| **June 21, 2011** | Docket call and Final Pretrial for first trial at 9:30 a.m. in Beaumont, Texas. Date parties should be prepared to try case. Provide court with two copies of most updated exhibit list. Absent agreement of the parties, this should not have exhibits that were not listed in the Final Pretrial Order, but may have some deletions depending on rulings on objections. At this date, the parties should be prepared to give the deputy clerk one hard copy of their exhibits. |
| **June 23, 2011** | 9:30 a.m. Jury Selection and Trial of first trial in Beaumont, Texas. |
| June 27, 2011 | Notice of intent to offer certified records at second trial. |
| June 27, 2011 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order for second trial, *see* L.R. CV-16(b), and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law for non-jury issues). |
| July 5, 2011 | Video deposition designations for second trial due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which can not be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the court's rulings on objections. |

| | |
|---|---|
| July 11, 2011 | Motions in limine and deposition counter-designations, if any, for second trial due. **Motions in limine for the second trial should not repeat subject matter already ruled on by the court at the first trial.** |
| | File Joint Final Pretrial Order for second trial. *See* Local Rules App. D (obtain form for exhibit list from District Clerk's Office, or create an exhibit list form that mirrors the District Clerk's form). |
| | Exchange exhibits for second trial and deliver copies to the court. At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (two copies), an no hard copies. |
| July 18, 2011 | Response to motions in limine for second trial due.[3] |
| | File objections to witnesses, deposition extracts, and exhibits listed in Final Pretrial Order for second trial.[4] (This does not extend the deadline to object to expert witnesses.) |
| | File Proposed Jury Instructions and Verdict Form for second trial (or Proposed Findings of Fact and Conclusions of Law for non-jury issues). |
| **August 8, 2011** | Docket call and Final Pretrial for second trial at 1:30 p.m. in Beaumont, Texas. Date parties should be prepared to try case. Provide court with two copies of most updated exhibit list. Absent agreement of the parties, this should not have exhibits that were not listed in the Final Pretrial Order, but may have some deletions depending on rulings on objections. At this date, the parties should be prepared to give the deputy clerk one hard copy of their exhibits. |

---

[3] *See supra* note 1.

[4] *See supra* note 2.

**August 9, 2011**          9:00 a.m. Jury Selection and Trial of second trial in Beaumont, Texas.

All other provisions of the January 27, 2010 Scheduling Order [Doc. #62] remain in place.


So **ORDERED** and **SIGNED** this **2**   day of **February, 2011.**


_____
Ron Clark, United States District Judge