**\*\*SEALED\*\***
**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION No. 9:09CV111 |
| v. | § | |
| | § | |
| APPLE, INC.; SIRIUS XM RADIO, INC.; | § | JUDGE RON CLARK |
| COBY ELECTRONICS CORP.; and | § | |
| ARCHOS, INC., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**ORDER DENYING DEFENDANT'S NON-PRIMARY
MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

Plaintiff Personal Audio, LLC ("Personal Audio") brings suit against Defendant Apple, Inc. ("Apple") alleging infringement of two patents. Apple moves for summary judgment, alleging that the asserted claims of the patents-in-suit are invalid for anticipation and/or obviousness. Because the court finds that there are genuine issues of material fact as to whether the asserted claims are anticipated or obvious, Apple's motion is denied.

**I. BACKGROUND**

Plaintiff Personal Audio filed suit against Defendant Apple, claiming infringement of United States Patent Nos. 6,199,076 ("the '076 patent") and 7,509,178 ("the '178 patent"). Personal Audio asserts claims 1, 3, and 15 of the '076 patent and claims 1, 6, 13, and 14 of the '178 patent. The accused products include multiple generations of devices across various product

lines, including the iPod Classic, iPod Mini, iPod Nano, iPod Shuffle, iPod Touch, iPhone, and iPad.

The patents-in-suit share a common specification and are directed toward an audio program player that will play a sequence of audio program segments or files and accept commands from the user to skip forward or backward in the sequence. A "sequencing file," which is "received" or "downloaded" from outside the player, defines the sequence of audio program files, i.e. the order in which the files will be played or what file comes next when the user issues a command to skip forward or backward in the sequence. In some claims, the audio program files themselves are also downloaded from outside the player.

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

A party may move for summary judgment on all or part of a claim. Fed. R. Civ. P. 56(a), (b). A summary judgment motion should be granted if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only a genuine dispute over a material fact—a fact that might affect the outcome of the suit under the governing substantive law—will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party moving for summary judgment under Rule 56 has the burden of demonstrating that no material fact issue exists. *Anderson*, 477 U.S. at 256, 106 S. Ct. at 2514. The court must view all facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). However, only *reasonable* inferences in favor of the nonmoving party

can be drawn from the evidence. *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 468, 112 S. Ct. 2072, 2083 (1992).

### III. APPLICABLE LAW

Under 35 U.S.C. § 102, a defendant can claim that a patent's claims are anticipated and lack novelty; anticipation is a question of fact. *Brown v. 3M*, 265 F.3d 1349, 1351 (Fed. Cir. 2001). For anticipation, "every element and limitation of the claimed invention must be found in a single prior art reference, arranged as in the claim." *Id.* Under 35 U.S.C. § 103(a), a claimed invention is unpatentable if the differences between the invention and the prior art "are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." The determination of whether an invention is obvious is a question of law that is based on underlying factual inquiries, including (1) the content and scope of the prior art; (2) the differences between the prior art and the claimed invention; (3) the level of ordinary skill in the pertinent art; and (4) secondary considerations of non-obviousness. *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406, 127 S. Ct. 1727, 1734 (2007) (quoting *Graham v. John Deere Co.*, 383 U.S. 1, 14, 86 S. Ct. 684, 692 (1966)). Both anticipation and obviousness must be proved by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, — S. Ct. —, No. 10-290, 2011 WL 2224428 (June 9, 2011).

### IV. DISCUSSION

Apple argues that the DAD Manual and System anticipate the asserted claims of the patents-in-suit, or render the claims obvious in light of other prior art references such as the Sony Discman Manual or Opcode Musicshop Manual. [*See* Doc. #328, Mot. for Summ. J. at 4-21.] Based on a careful and thorough review of the summary judgment record and the arguments

presented, the court finds that Apple has not demonstrated that there is no genuine issue of material fact as to whether every element and limitation of the claimed inventions are found in the DAD references, or as to the obviousness factual inquiries such as the differences between the prior art and the claimed invention.[1] Accordingly, the court denies Apple's motion for summary judgment.

## V. CONCLUSION

For the foregoing reasons, Apple's Non-Primary Motion for Summary Judgment of Invalidity [Doc. #328] is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **21** day of **June, 2011.**

_____
Ron Clark, United States District Judge

---

[1] The court also does not find that Personal Audio admitted in its pleadings that the DAD references disclose each element of claim 1 of the '178 patent. [*See* Doc. #328 at 3-4.] The portions of Apple's counterclaim cited relate to Apple's inequitable conduct allegations, and what the DAD Manual discloses under MPEP § 2111. [*See, e.g.*, Doc. #111, Def.'s Countercl. ¶ 256.] Whether certain claim elements are present under the MPEP standard used by the PTO is not the inquiry before the court. Further, Personal Audio did not admit Apple's allegations in its answer to Apple's counterclaim. [*See* Doc. #130, Pl.'s Answer to Countercl. ¶¶ 256, 259, 263, 267, 269, 272, 276; *id.* at p. 21.]