**SEALED**
**NOT FOR PRINTED PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION No. 9:09CV111 |
| v. | § § § | |
| APPLE, INC., | § § | JUDGE RON CLARK |
| *Defendant.* | § § | |

## ORDER ON PERSONAL AUDIO'S MOTIONS IN LIMINE

Before the court are Plaintiff Personal Audio, LLC's motions in limine [Docs. #366-367, #369-383]. Based on the representations and arguments of the parties made at the final pre-trial hearing held on June 21, 2011, the court hereby makes the following rulings for the reasons stated on the record at the hearing and in this order.

| Personal Audio's Motion | Evidence Sought to Be Excluded | Response | Court Ruling |
|---|---|---|---|
| 1. Motion to Exclude Apple from Introducing a New Invalidity Theory about the DAD System and Manual Based on Novacek's Undisclosed Demonstration **[Doc. #383]** | Any evidence, reference, or argument regarding Mr. Novacek's new demonstration involving DOS COPY or XCOPY commands outside of the DAD software. [DI#383 at 1-5] | Personal Audio's motion should be denied as the Court has already ruled that the evidence is admissible. Additionally, Apple previously disclosed that the DAD System may be operated using MS- | **Granted**. Mr. Novacek may do demonstrations from within the DAD program but may not exit the |

1

| Personal Audio's Motion | Evidence Sought to Be Excluded | Response | Court Ruling |
|---|---|---|---|
| | | DOS commands in its invalidity contentions and expert reports. Furthermore, Personal Audio would suffer no prejudice from the introduction of this evidence; however Apple would suffer substantial prejudice from exclusion of one of its primary prior art references and testifying witnesses [Doc. #393 at 1-6] | DAD software and transfer playlists using DOS commands. Apple may make an offer of proof at trial.<br><br>Mr. Novacek may not state opinions as to patent claims or compare claim language with DAD System operation. |
| 2. Motion to Exclude Evidence Regarding the Reexamination of the '178 Patent and '076 Patent **[Doc. #367]** | Any evidence, reference, or argument about the reexaminations of the '178 patents and the reexamination of the '076 patent. [DI#367 at 1, 3-4, 8] | Personal Audio's motion should be denied with respect to the '178 patent, since the Action Closing Prosecution is relevant to rebut the testimony of Personal Audio's expert. Additionally, the evidence is relevant to show that the prior art is combinable to show obviousness, and to rebut Personal Audio's reference to a prior art search done by Article One Partners. Rule 403 does not bar the evidence as there can be no jury confusion regarding the standard of proof, particularly since Personal Audio has requested that the jury be instructed on the preponderance of the evidence standard. Apple | **Granted**. |

| Personal Audio's Motion | Evidence Sought to Be Excluded | Response | Court Ruling |
|---|---|---|---|
| | | agrees not to introduce evidence regarding the grant of a request for reexamination of the '076 patent. [Doc. #395 at 1-5] | |
| 3. Motion to Exclude Apple from Introducing Evidence of Prejudice to Support its Prosecution Laches and Laches Defenses **[Doc. #366]** | Any evidence, reference, or argument during the equitable bench trial on economic and evidentiary prejudice for its laches and prosecution laches defenses. [DI#366 at 1-2] | Personal Audio's motion should be denied because it ignores the fact that Personal Audio has the burden to rebut the presumption of laches and has not done so. Furthermore, Apple provided a 30(b)(6) witness who testified extensively about economic prejudice, and has provided extensive disclosure of evidentiary prejudice. [Doc. #396 at 1-4] | **Granted** as to jury trial. Make objections at bench trial. |
| 4. Motion to Exclude Apple from Introducing Excerpts from Daniel Goessling's Deposition Involving and About the Sand Blaster Manual **[Doc. #371]** | The following excerpts from the deposition of Daniel Goessling and any reference to these excerpts: Ex. A at 52:3-6; 53:21-56:9; 56:18-58:9; 59:6-24; 60:22-61:22; 63:21-64:25; 65:9-22; 68:9-20; 175:24-177:9; 186:8-189:8; 191:12-24; 193:9-14. [DI#371 at 3-4, n.1] | Personal Audio's motion should be denied because Mr. Goessling, an inventor of the asserted patents and a person of ordinary skill in the art, is qualified to testify to the meaning of terms in prior art references. Additionally, Mr. Goessling is competent to testify to matters stemming from his personal experience and observations. Furthermore, Apple has complied with the Federal Rules for submitting this testimony. Finally, Rule 403 does not bar admission of this testimony. [Doc. #399 at 1-6] | **Granted in part** as to: 56:12-25; 57:1-9; 65:6-22; 68:9-20; 175:24-177:9; 186:8-189:8; 191:12-24; and 193:9-14. |

| Personal Audio's Motion | Evidence Sought to Be Excluded | Response | Court Ruling |
|---|---|---|---|
| 5. Motion to Exclude Apple from Introducing Evidence About MicroTouch Stock Purchases **[Doc. #373]** | Any evidence, reference, or argument about the MicroTouch stock purchases, including the resulting SEC investigation. [DI#373 at 1] | Personal Audio's motion should be denied as evidence of a final judgment of insider trading is directly relevant to the testifying witness' character for truthfulness. Moreover, this evidence is admissible under the Federal Rules. [Doc. #401 at 1-5] | **Granted**. At bench conference, Apple's counsel indicated this may be inquired into at discretion of court. Rule 608(b). Bring to court outside presence of jury before ANY reference to this matter. |
| 6. Motion to Exclude Evidence of Non-Licensing Events Related to Valuations, Assignments, Offers From Third Parties, an Auction, and a Discussion Regarding Personal Audio's Patent Portfolio **[Doc. #380]** | Any evidence, reference, or argument about any of the following: a $29,000 cost-based valuation of Personal Audio, Inc.'s patent portfolio in April 1998 for tax purposes; a $50,000 assignment of Personal Audio, Inc.'s assets in March and May 1998 to the Logan Family Trust; TechSearch's exploration of a "contingency licensing/enforcement service" for the U.S. Patent No. 5,732,216 in July 2004; a $250,000 offer from Innovation Management Sciences for U.S. Patent No. 5,732,216 in 2006; a $400,000 auction of U.S. Patent No. 6,665,659 in spring 2008; and a discussion regarding the potential sale of certain of Personal Audio's patents to | Personal Audio's motion should be denied because Federal Circuit law dictates that non-licensing events may be relied upon for a damages analysis. PA's valuation and assignments of its own patent portfolio and its inability to use the patents in the marketplace are unquestionably relevant to the determination of a reasonable royalty. The TechSearch/Innovation Management Sciences inquiries and offers involve another PA patent sharing the same specification as the patents-in-suit, and Dr. Ugone has relied on such inquiries and offers in formulating his opinion as to the form of license (lump sum) that Mr. Logan was | **Granted in part** and **denied in part**. Rulings made on motions to exclude Dr. Ugone and Mr. Nawrocki control. If a valuation or offer not covered in that order, bring to court outside presence of jury. Apple may rely on unaccepted offers to sell, but may not rely on unaccepted offers to purchase. |

4

| Personal Audio's Motion | Evidence Sought to Be Excluded | Response | Court Ruling |
|---|---|---|---|
| | Concert Technology for $5 million in July 2008; and all corresponding documents identified in footnote 2 [DI#380 at 1-2, n.2]. (And other documents identified on Apple's exhibit list that Personal Audio has objected to for the same reasons as provided in this motion). | willing to take. The Concert Technology offer was for patents that included the patent-in-suit. Deposition testimony by Messrs. Call and Logan confirmed that at the time the Concert Technology offer was made, the alleged infringement by Apple's iPod products had been brought to their attention. [Doc. #405 at 1-11] | |
| 7. Motion to Exclude Apple's NewsComm Thesis Because it is not Prior Art **[Doc. #377]** | Any evidence, reference, and argument about the Newscomm thesis, and the Geraci declaration and any exhibits attached thereto. [DI#377 at 1-3] | Personal Audio's motion should be denied because the Geraci Declaration satisfies both the Federal and Fifth Circuit's requirements for a business record affidavit. Furthermore, Personal Audio's motion both ignores the proper legal standards and misconstrues the Geraci Declaration and its exhibits. Finally, Personal Audio's allegations of "discovery abuse" by Apple are completely unfounded. Personal Audio itself proposed, and the parties agreed to, a process for third-party depositions in this case, which Personal Audio then ignored. [Doc. #388 at 1-6] | **Granted.** Single thesis can be prior art, but Apple has not yet shown how affidavit gets around hearsay rule. |
| 8. Motion to Exclude Improperly Withheld Allegations Concerning SongCatcher and Apple's Marking Defense **[Doc. #378]** | Any evidence, reference, or argument that SongCatcher should have been marked with the '076 | Personal Audio's motion should be denied because Personal Audio previously requested and was denied leave to file for summary | **Denied.** But before any expert tries to opine on this matter counsel |

| Personal Audio's Motion | Evidence Sought to Be Excluded | Response | Court Ruling |
|---|---|---|---|
| | patent. [DI#378 at 1-3] | judgment on the same issue. Furthermore, Personal Audio itself caused the delay in Apple perfecting its marking defense by improperly withholding SongCatcher documents until after the close of discovery. [Doc. #389 at 1-2] | need to show court that matter was fairly covered in report. |
| 9. Motion to Exclude Testimony Regarding Separate Patentability **[Doc. #376]** | Any evidence, reference, or argument about separate patentability, as set forth in Dr. Wicker's original expert report Paras. 587-93, and all patents identified therein. [DI#376 at 1-2] Personal Audio's motion cited to Dr. Wicker's original expert report, but his amended report on non-infringement includes the same opinions in paragraphs 607-613 which should be excluded. | Personal Audio's motion should be denied as evidence of Apple's patents on the accused products is directly relevant to refuting Personal Audio's assertion of infringement by the doctrine of equivalents and to any damages analysis. Additionally, Rule 403 does not bar the evidence. [Doc. #394 at 1-5] | **Denied**. Note: Dr. Wicker's original non-infringement report is dated Nov. 20, 2010. Amended non-infringement report is dated Apr. 21, 2011. Deadline for objections to experts, including *Daubert* motions, was set at 3 weeks after report served. [Doc. #62 at 4.] This motion in limine was filed on May 31, 2011, some weeks after that deadline. |
| 10. Motion to Exclude Apple's Agreements with E-Data Corp., Digeo, Inc., Mr. Hakan Lans, Memory Control Enterprise, and VNM Inc. **[Doc. #379]** | Any evidence, reference, or argument to Apple's agreements with agreements with E-Data Corp., Digeo, Inc., Mr. Hakan Lans, Memory Control Enterprise, and VNM Inc. [DI#379 at 1-3] | Personal Audio's motion should be denied because the Apple Agreements with E-Data, Digeo, Mr. Hakan Lans, Memory Control and VNM involve comparable technology to the patents-in-suit. Apple's expert, Dr. Wicker, has determined that the patents | **Granted in** part and **denied in part**. Rulings on motion to exclude Dr. Ugone will control. |

6

| Personal Audio's Motion | Evidence Sought to Be Excluded | Response | Court Ruling |
|---|---|---|---|
| | | involved in the Apple Agreements are comparable to the patents-in-suit, and Dr. Ugone relied upon the agreements in his damages analysis. The Apple agreements grant Apple with the freedom to operate and use the licensed patents in all of the Apple products. [Doc. #404 at 1-5] | |
| 11. Motion to Preclude Evidence and Argument that Personal Audio's Status as a Non-Practicing Entity Affects any Damages Calculation [**Doc. #375**] | Any evidence, reference, or argument that Personal Audio's lack of a commercial embodiment and status as a nonpracticing entity affect any damages calculation. [DI#375 at 1-2] | Personal Audio's motion should be denied because PA's status as a non-practicing entity is undeniably relevant to a damages calculation and to what the business of PA is (or is not). Specifically, a patentee's inability to commercialize the claimed technology bears on *Georgia-Pacific* Factors 5 and 6. [Doc. #390 at 1-2] | **Denied**. |
| 12. Motion to Exclude Expert Testimony of Eugene Novacek [**Doc. #372**] | Any expert testimony from Eugene Novacek. [DI#372 at 0-1] | Personal Audio's motion should be denied because Mr. Novacek will provide testimony as a fact witness. [Doc. #393 at 1-6] | **Granted**. Novacek not identified as expert. He may not express opinions or compare claim language with operation of or function of DAD System or accused products |

| Personal Audio's Motion | Evidence Sought to Be Excluded | Response | Court Ruling |
|---|---|---|---|
| 13. Motion to Preclude Evidence and Argument Regarding Apple's Characterization of USB and FireWire Protocol Communications **[Doc. #370]** | Any fact witness testimony on USB and FireWire protocols as used for the connection and synchronization of an iTunes computer and a connected iPod device, and any evidence, testimony, or opinion from Dr. Wicker based communications with Apple engineer about USB and FireWire protocols, and the connection and synchronization of an iTunes computer and a connected iPod device. [DI# 370 at 3-8] | Personal Audio's motion should be denied because Apple's employees gave detailed deposition testimony regarding these topics. Additionally, Apple's expert witness should be allowed to give testimony because he submitted a detailed expert report and did not cite to any unsworn affidavit as the basis for his opinions. [Doc. #400 at 1-3] | **Denied**. |
| 14. Motion to Exclude Apple from Changing Its Invalidity Theory at Trial by Relying on Section 102(a) **[Doc. #381]** | Any evidence or argument that the DAD Manual, DAD System, or Newscomm Thesis is prior art under Section 102(a). [DI #381 at 1] | Personal Audio's motion should be denied because it essentially requests the Court to nullify 35 U.S.C. § 102(a), a theory that has no legal support. Furthermore, Personal Audio's cases it cites for the proposition that Apple may not "change" its invalidity theory at trial are inapposite. The cited cases involve prejudice due to withholding of, *e.g.*, invalidity contentions, which Apple has not done. Finally, Personal Audio, having perfectly anticipated (and, in other MILs, argued against) the alleged "changed" theory, can as a result claim no surprise. [Doc. #391 at 1-3] | **Denied**. Apple is limited to items of prior art identified in invalidity contentions, as properly supplemented, and to theories set out in Final Pretrial order. But items of prior art may qualify as prior art under more than one statutory subsection, i.e. §§ 102(a) & 102(b). Local Patent Rules do not require identification of |
8

| Personal Audio's Motion | Evidence Sought to Be Excluded | Response | Court Ruling |
|---|---|---|---|
| | | | statutory subsection under which an item qualifies, just identification of certain information, e.g. date of publication, etc. P.R. 3-3(a). |
| 15. Motion to Exclude Apple from Using Any Demonstrative Exhibits in Opening Statements not Previously Disclosed or Any Previously Objected to Exhibits **[Doc. #382]** | The use in opening statements of any demonstrative exhibit not previously disclosed, or any other exhibits with outstanding objections pending. [DI#382 at 1] | Personal Audio's motion should be denied as neither the Federal nor Local Rules require defendants to turn over opening demonstrative in advance of opening statements. Additionally, Personal Audio's motion would prejudice Apple by denying it a significant trial position. Finally, Personal Audio's motion should be denied as it seeks, without explanation, exclusion of objected-to exhibits, which the Court has not ruled upon. [Doc. #392 at 1-2] | **Granted**. Neither side will use exhibits to which objection has been sustained or ruling is pending. Exhibits that are admissible may be used, but then must be used with a witness. Opening demonstratives must be disclosed NLT after jury selection & before opening so time is not wasted on objections with jury in the box. |

| Personal Audio's Motion | Evidence Sought to Be Excluded | Response | Court Ruling |
|---|---|---|---|
| 16. Motion to Exclude Evidence Regarding Apple's Equitable Defenses in Front of the Jury **[Doc. #374]** | Any reference or argument concerning Apple's equitable defenses (inequitable conduct, laches, prosecution laches), including Apple's arguments that Call or Logan intended to deceive the PTO or withheld material references, and that Logan and/or Call unreasonably delayed in bringing this lawsuit and that Apple suffered prejudice as a result. [DI#374 at 1] | Personal Audio's motion should be denied as it is overly broad and unworkable. Apple agrees to present its arguments regarding equitable defenses at the later bench trial. However, Personal Audio's motion is unworkable because Apple will need to provide the factual underpinnings at both trials, since the facts underlying the equitable defenses will necessarily come out during the firs trial, except for facts directly related to inequitable conduct, unless Personal Audio opens the door. [Doc. #397 at 1-2] | **Granted**. But information that Examiner did not examine a piece of art can be presented without statement or inference that it was withheld by anybody. The time line will likely be before the jury but the question of "why the delay" is for the court. |
| 17. Motion to Preclude the Use of Prejudicial and Derogatory Labels Regarding Patent Holders **[Doc. #369]** | Any use or reference to Personal Audio as a patent troll, a non-practicing entity, or other pejorative terms relating to Personal Audio not offering a product for sale that embodies the patents-in-suit. [DI#369 at 1] | Personal Audio's motion mischaracterizes the agreement Apple made at its meet and confer on May 27, 2011. Apple agrees not to use terms such as "patent troll" and other pejorative terms. However, Apple does not agree not to use the term "non-practicing entity," which simply describes PA's business structure and is relevant to a damages calculation and to what the business of PA is (or is not). Specifically, a patentee's inability to commercialize the claimed technology bears on *Georgia-Pacific* Factors 5 and 6. | **Granted in part** as to references to race, gender, religion/creed, disability, national origin or the like. Such are not allowed and may result in finding of contempt. Otherwise **denied**, but attorney who is rude will not be in a position to complain that a verdict is the result |

10

| Personal Audio's Motion | Evidence Sought to Be Excluded | Response | Court Ruling |
|---|---|---|---|
| | | [Doc. #390 at 1-2] | of "inflamed passions" or the like. |

So **ORDERED** and **SIGNED** this **21** day of **June, 2011.**

_____
Ron Clark, United States District Judge