UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| Personal Audio, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case 9:09-cv-00111-RC |
| Apple Inc., | ) ) ) | |
| Defendant. | ) ) | |

**PERSONAL AUDIO'S EMERGENCY MOTION TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO THE TAX STATUS OF PERSONAL AUDIO, LLC AND EMERGENCY MOTION FOR SANCTIONS**

During its cross-examination of James Logan on June 23, 2011, Apple attempted to admit documents purporting to show the failure of Personal Audio, LLC to pay the Texas state franchise tax. But as illustrated below, Personal Audio, LLC has never improperly withheld taxes from the state of Texas, because Personal Audio, LLC has never owed a single dollar of franchise taxes.

As illustrated by the 2010 Texas Franchise Tax Report Information and Instructions, attached to this motion as Exhibit C, a corporation registered in Texas only needs to pay taxes if it has total revenue greater than $1 million:

> There is no minimum tax requirement under the franchise tax provisions. An entity that calculates an amount of tax due that is less than $1,000 *or that has annualized total revenue less than or equal to $1 million* is not required to pay any tax.

Ex. A at 2 (emphasis added). As corroborated by the Declaration of James Logan attached to this motion, Personal Audio, LLC has not had revenue greater than $1 million in any year since it

1

was founded. Consequently, Personal Audio was not required to pay the state of Texas *any taxes* for the year 2010. The notice of forfeiture offered by Apple is not evidence that Personal Audio, LLC was dodging taxes; it is evidence only that Personal Audio, LLC forgot to file a form with the Secretary of State confirming that it owed *no taxes*. *See id.* ("The entity, however, must submit all required reports to satisfy its filing requirements").

By its own admission, Apple has been in possession of the document it used during its cross-examination of Mr. Logan for at least several days. Despite this possession, Apple failed to include this document on its exhibit list or notify Personal Audio of its intent to offer this document. Apple's attempt to ambush a witness on cross-examination with undisclosed documents is unfairly prejudicial, misleading, and sanctionable. Accordingly, for the reasons set forth below, Personal Audio moves to exclude Apple's new document from evidence and requests that the Court give a curative instruction to the jury.

**I.      The Documents Offered by Apple Should Be Excluded Under Fed. R. Evid. 403.**

Federal Rule of Evidence 403 prohibits the introduction of evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Mr. Cordell's attempts to question Mr. Logan about undisclosed documents was both unfairly prejudicial and misleading.

      **A.      Apple's questions were unfairly prejudicial.**

The Eastern District of Texas has adopted numerous rules and standards meant to prevent undue surprise and prejudice. One of the major safeguards under the local rules is the presence of exhibit lists containing all of the documents a party intends to offer at trial. These lists are exchanged weeks before trial, in order to allow parties to prepare their cases without fear of

being ambushed at the last moment with documents that they have never seen, and cannot properly defend against. Yet that is exactly what has happened here.

As articulated in more detail in section II, *infra*, Apple completely ignored its disclosure obligations by withholding this evidence from Personal Audio until the last moment. Apple did not disclose the contested documents in its exhibit lists. It did not file notice of its intent to offer certified records by May 17, as required by this Court's February 2 Order. *See* Dkt. #293 at 3. Even if Apple's statement that it first learned of these documents days ago is accurate, *see* Ex. B, Personal Audio could have used those several days to investigate the documents and properly prepare for their use at trial. Rather than fulfill its disclosure obligations, however, Apple did not even inform Personal Audio of its intent to use these documents before beginning its cross-examination of Mr. Logan.

It is inherently unfairly prejudicial for a party to lie behind the log and ambush its opponents with a document that it has never disclosed. Personal Audio should have had weeks, if not months, to prepare for the use of Apple's "evidence." Had Apple provided Personal Audio with even a few hours to prepare for Apple's improper questioning, Mr. Logan could have defended himself against Apple's misleading insinuations, and properly informed the jury that Personal Audio, LLC owes no taxes to the state of Texas. *See* section I.B, *infra*. But because Apple decided not to disclose these documents, the jury was led to believe that James Logan and Personal Audio, LLC improperly withheld taxes owed to the state of Texas. This entire category of evidence is unfairly prejudicial, and should be excluded.

**B.     Apple's improper questioning has misled the jury.**

Apple's attempts to introduce documents relating to Personal Audio, LLC's franchise tax filings have misled the jury. Apple's questioning was intended to convince the jury that Mr.

Logan was cheating on his taxes by improperly withholding money from the state of Texas. In fact, Mr. Cordell stated as much in his cross-examination:

> Q.   But, in fact, Personal Audio has never paid its franchise taxes here in Texas, correct?
> . . .
> Q.   And, in fact, Personal Audio has been declared in default by the State of Texas, isn't that right?
> . . .
> Q.   Well, let me ask you this, Mr. Logan: You certainly can't recall ever paying your franchise taxes here in Texas, can you?
> . . .
> Q.   And you have no reason to tell me that, in fact, Personal Audio remains in good standing in the state of Texas, can you?
> . . .
> Q.   You do believe it's important for you to pay your taxes, though, correct?

See Ex. C at 233-35. The obvious—indeed, only—conclusion that Mr. Cordell intended for the jury to make is that Mr. Logan cheated on his taxes. But as illustrated below, Personal Audio, LLC has never improperly withheld taxes from the state of Texas, because Personal Audio, LLC has never owed a single dollar of franchise taxes.

As illustrated by the 2010 Texas Franchise Tax Report Information and Instructions, attached to this motion as Exhibit A, a corporation registered in Texas only needs to pay taxes if it has total revenue greater than $1 million:

> There is no minimum tax requirement under the franchise tax provisions. An entity that calculates an amount of tax due that is less than $1,000 *or that has annualized total revenue less than or equal to $1 million* is not required to pay any tax.

Ex. A at 2 (emphasis added). As corroborated by the Declaration of James Logan attached to this motion, Personal Audio, LLC has not had revenue greater than $1 million in any year since it was founded. Consequently, Personal Audio was not required to pay the state of Texas *any taxes* for the year 2010. The notice of forfeiture offered by Apple is not evidence that Personal Audio,

LLC was dodging taxes; it is evidence only that Personal Audio, LLC forgot to file a form with the Secretary of State confirming that it owed *no taxes*. *See id.* ("The entity, however, must submit all required reports to satisfy its filing requirements").

Mr. Cordell's questioning on this subject was clearly misleading, as its sole purpose was to convince the jury that Personal Audio, LLC cheated on its taxes. This is not the case. Consequently, this evidence should be excluded under Federal Rule of Evidence 403. Furthermore, Personal Audio requests that the Court give a curative instruction so that the jury can be properly informed that Personal Audio does not owe any taxes to the state of Texas.

## II. Apple's Decision to Withhold Evidence Regarding the Tax Status of Personal Audio, LLC Was Improper and Is Sanctionable.

Even more troubling than Apple's decision to ambush Mr. Logan with misleading and prejudicial documents is the circumstances surrounding Apple's first knowledge of these documents. During its questioning of Mr. Logan, Apple first attempted to introduce evidence of Personal Audio, LLC's tax status through a webpage printed out at 12:54 pm on the day of trial. *See* Ex. D (dated "6/23/11 12:54 pm" in the top right corner) Personal Audio properly objected to the authenticity of this document, and that objection was sustained. Apple then revealed that it possessed a copy of this record certified by the Texas Secretary of State. On the evening of June 23, 2011, after trial had recessed for the day, attorneys for Personal Audio asked for Apple to disclose when it ordered this certified copy. *See* Ex. E. At this point, Apple informed Personal Audio that it had ordered a certified copy of this document "a couple days ago." *See* Ex B.

This timeline of events clearly illustrates that Apple had knowledge of these documents at least several days before trial began. Indeed, days in advance of the trial Apple took affirmative steps to use these documents at trial, writing to the Secretary of State to request certified copies of the documents. From the moment that it obtained knowledge of these

5

documents, Apple clearly intended to use them in cross-examination. Yet despite all this, the first time Personal Audio learned of Apple's intent to use this document was *during Apple's cross-examination of James Logan*.

Personal Audio also does not believe this was a rebuttal exhibit. It was the very first document Apple attempted to introduce in this case. It is simply not the case that an issue arose during trial requiring Apple to obtain a new document to rebut a factual assertion. Personal Audio's understanding of the disclosure requirements in this District is also informed by Appendix D to the Local Rules, which is a form joint pre-trial order stating:

> H. LIST OF EXHIBITS
>
> Counsel should fill out and submit to the Court an exhibit list containing the information in the form available of the court's website, located at *www.txed.uscourts.gov*, or at the clerk's office. *The list shall also include exhibits to be used solely for impeachment*.

This was a cross-examination exhibit and absolutely should have been disclosed in advance.

The purpose of the Local Rules is to "further the goal of full, timely, discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-CV-144, 2009 U.S. Dist. LEXIS 114207, at *13-14 (E.D. Tex. Dec. 8, 2009). Apple's refusal to disclose documents they intended to use at trial flies in the face of this goal. Apple's actions are simply unacceptable, and Personal Audio requests that the Court issue an appropriate sanction.

### III.    Personal Audio requests that the Court give a curative instruction.

Unfortunately for Personal Audio, damage has been done. Apple asked questions meant to mislead the jury into thinking Mr. Logan withheld taxes from the state of Texas, and that bell cannot be unrung. However, in light of the misleading nature of Apple's questioning, and as a

sanction for Apple's unjustifiable failure to disclose these documents to Personal Audio before trial, Personal Audio requests the following curative instruction be given to the jury:

> Yesterday you may have heard Apple's attorneys ask Mr. Logan about franchise taxes Personal Audio may owe to the state of Texas. To clarify, Mr. Logan and Personal Audio, LLC do not owe any franchise taxes to the state of Texas. It was improper for Apple to ask these questions.

Additionally, the documents themselves should be excluded both under Federal Rules of Evidence 402 and 403, and as a sanction for Apple's misconduct.

Dated:  June 23, 2011

Respectfully submitted,

By:     /s/ Charles W. Goehringer Jr.
**Robins, Kaplan, Miller & Ciresi L.L.P.**
Ronald J. Schutz   (MN Bar No. 130849)
(Eastern District of Texas Member)
(Lead Counsel)
Jake M. Holdreith  (MN Bar No. 211011)
(Eastern District of Texas Member)
Cyrus A. Morton (MN Bar No. 287325)
(Eastern District of Texas Member)
David A. Prange (MN Bar No. 329976)
(Eastern District of Texas Member)
Patrick M. Arenz  (MN Bar No. 0386537)
(Eastern District of Texas Member)
Daniel R. Burgess (MN Bar No. 0389976)
(Eastern District of Texas Member)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile:  (612) 339-4181
E-mail:   RJSchutz@rkmc.com
          JMHoldreith@rkmc.com
          CAMorton@rkmc.com
          DAPrange@rkmc.com
          PMArenz@rkmc.com
          DRBurgess@rkmc.com

**Germer Gertz, L.L.P.**
Lawrence Louis Germer
(TX Bar # 07824000)

>Charles W. Goehringer, Jr.
>(TX Bar # 00793817)
>550 Fannin, Suite 400
>P.O. Box 4915
>Beaumont, Texas 77701
>Telephone: (409) 654-6700
>Telecopier: (409) 835-2115
>E-Mail:   llgermer@germer.com
>          cwgoehringer@germer.com
>
>**Attorneys for Plaintiff Personal Audio, LLC**

### Certificate of Service

I hereby certify that on June 23, 2011, I caused a true and correct copy of this document (Personal Audio's Emergency Motion to Exclude Evidence of the Tax Status of Personal Audio, LLC and Emergency Motion for Sanctions) to be served on all counsel of record via Electronic Case Filing (ECF) pursuant to Local Rule CV-5(a).

Date:  June 23, 2011              /s/  Charles W. Goehringer Jr.